851 F.2d 817
 11 Fed.R.Serv.3d 1135
 STATE BANK OF COLOMA and Raymond and Rita Janecko,
Plaintiffs-Appellants,
v.
NATIONAL FLOOD INSURANCE PROGRAM and General Julius W.
Becton, Director of the Federal Emergency
Management Agency, Defendants-Appellees.
 No. 87-1647.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 26, 1988.
Decided July 11, 1988.
 
 Randall L. Juergensen (argued), Butzbaugh & Ryan, P.C., St. Joseph, Mich., for plaintiffs-appellants.
 Janice Kittel Mann (argued), Grand Rapids, Mich., for defendants-appellees.
 Before MERRITT and KENNEDY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 KENNEDY, Circuit Judge.
 
 
 1
 Plaintiffs filed this action June 10, 1986 to recover for flood damage to their property which was insured under the National Flood Insurance Program. The District Court dismissed the action because it was not filed within the one year statute of limitations for suits under the National Flood Insurance Act, 42 U.S.C. Sec. 4072. Plaintiffs appeal, alleging that the District Court erred in determining that their cause of action accrued on May 30, 1986, and, in the alternative, that the government should be equitably estopped from asserting a statute of limitations defense, that the present action should be considered an amendment to a prior suit under Rule 15(c), Fed.R.Civ.P., and that the statute of limitations should be tolled because the relevant parties were aware of proceedings in the case prior to the filing of this action. Because we find no error in the District Court's disposition of the case, we AFFIRM.
 
 
 2
 The facts of this case are relatively simple. Plaintiffs purchased a flood insurance policy from the National Flood Insurance Program (NFIP). After their property allegedly suffered flood damage in 1982, they filed a claim under their policy. On May 30, 1985 a claims supervisor at the NFIP sent plaintiffs a letter offering a 50% settlement of the claim. This was based on the agency's determination that some of the damage resulted from floods which occurred prior to the issuance of the policy.
 
 
 3
 The plaintiffs did not accept the offer. Rather they rejected it by letter from their counsel dated June 6, 1985. One week before the letter was written, the plaintiffs had sued the NFIP in a state court. The NFIP successfully removed the case to federal court and then had the case dismissed on the grounds that the federal court lacked jurisdiction because the case had been originally filed in a state court that lacked jurisdiction. The National Flood Insurance Act clearly mandates that United States District Courts have exclusive jurisdiction over suits under the Act. 42 U.S.C. Sec. 4072. The plaintiffs responded to this dismissal by filing a new suit in federal court on November 19, 1985 naming the NFIP as the defendant. On March 26, 1986 a default judgment was entered against the NFIP. However, one of the defendants in this case, the Director of the Federal Emergency Management Agency (FEMA), intervened and filed a motion to set aside the default judgment and to dismiss on the grounds that the government was not properly served with the summons and complaint, and that the suit was against the wrong party because it did not name the Director of the Federal Emergency Management Agency (Director) as a party, as required by 42 U.S.C. Secs. 4072 and 4003(a)(6). This motion was granted on June 3, 1986. Rather than simply filing a motion to amend the complaint under Fed.R.Civ.P. Rule 15(c) to add the Director, plaintiffs accepted the dismissal without prejudice and filed the instant suit against the proper parties on June 10, 1986. This third suit was then dismissed by the District Court as barred by the statute of limitations for these actions, 42 U.S.C. Sec. 4072, because more than one year had elapsed from disallowance of the claim before the suit was filed.
 
 
 4
 Plaintiff appeals arguing first that the District Court was clearly erroneous when it found that the May 30, 1985 letter offering a settlement was a "partial disallowance of the claim within the meaning of section 4072." Section 4072 allows parties to sue "[w]ithin one year after the date of mailing of notice of disallowance or partial disallowance." 42 U.S.C. Sec. 4072 (emphasis added). In this case, therefore, we must examine whether the letter was a partial disallowance of the claim. In the letter, the NFIP offered a 50% compromise of the claim
 
 
 5
 based upon the fact that the engineer concluded that there was [sic] at least two major floodings to the insured's property. One flood occurred in 1979 and the other was on March 17, 1982. Since coverages under this policy became effective February 6, 1980, we have concluded that a 50% compromise offer would be a fair settlement.... It should be noted that if we do not receive a response within fifteen (15) days, we will close this file without payment due to your failure to pursue the matter.
 
 
 6
 The clear intent of this letter is to categorically reject part of plaintiffs' claim. The only issue remaining after the letter is whether plaintiffs will accept payment for the other portion of their claim. We agree with the District Court that the letter constitutes a partial disallowance, which caused the statute of limitations to begin running on May 30, 1985.
 
 
 7
 Plaintiffs next argue that even if the statute of limitations started to run on May 30, 1985, the Director's involvement in the earlier suits should estop him from claiming a statute of limitations bar here. Equitable estoppel precludes a party to a lawsuit from raising a certain defense, regardless of the merits of the defense, because of some improper conduct on that party's part. Courts invoke the defense when "one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other, in reasonable reliance upon it" acts to his or her detriment. Restatement (Second) of Torts Sec. 894(1) (1977); Phelps v. Federal Emergency Management Agency, 785 F.2d 13 (1st Cir.1986). In this case, we cannot find that the Director acted improperly or deceptively by intervening in the previous suit. Without some form of misrepresentation, the government cannot be estopped from asserting the statute of limitations defense.
 
 
 8
 Plaintiffs next argue that Fed.R.Civ.P. 15(c) should be applied here by analogy to allow the suit to go forward. Rule 15(c) provides that
 
 
 9
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment the party (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 10
 Fed.R.Civ.P. 15(c) (emphasis added).
 
 
 11
 While we agree that the policy behind Rule 15(c) could be furthered by applying it in this case, the fact remains that the plaintiffs never attempted to amend their complaint, as Rule 15(c) envisions. Instead, they simply filed a completely separate lawsuit against a party who was not previously named. We need not decide whether the District Court could have chosen to treat the new case, filed only seven days after the prior case was dismissed, as a motion to amend the original complaint. It did not. We decline to reverse the District Court for simply applying the Federal Rules of Civil Procedure as written. We note that in cases where the federal government has consented to suit, courts must construe waivers strictly in favor of the sovereign and not enlarge the waiver beyond what the language requires. Library of Congress v. Shaw, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). The sovereign provided a procedure through which plaintiffs could have corrected their mistake. It was they who failed to utilize it.
 
 
 12
 Plaintiffs, in an analogous argument finally assert that because the proper defendants had actual knowledge that the suit was being prosecuted before the expiration of one year, the statute of limitations should be tolled. Congress, in creating the National Flood Insurance Program, provided that claimants under the program could sue the government in District Court. As we noted, such waivers of sovereign immunity must be strictly construed. "When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity." Block v. North Dakota, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983). However, on at least two occasions, the Supreme Court has applied a traditional equitable tolling principle when it "is consistent with Congress' intent in enacting" the legislation, and when "the equities in favor of tolling are compelling." Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986); Honda v. Clark, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967).
 
 
 13
 We need not determine Congress' intent as to whether this statute permits equitable tolling in any instance because we agree with the District Court that the equities in favor of tolling are not compelling. The District Court noted that in spite of the fact that the government did have actual knowledge of the case before the expiration of the limitations period, there was no affirmative deception or misconduct on the government's part, which would justify tolling the statute.
 
 
 14
 Plaintiffs had at least constructive notice through the authorities cited in the memorandum dismissing the removed action that the proper defendant was the director of FEMA. The District Court noted that a close reading of the statute under which they were suing would tell them who they should sue.
 
 
 15
 Where the Federal Rules of Civil Procedure provide the means to remedy a mistake, as they do here, equity does not require the court to provide an additional procedure. We cannot say that the District Court abused its discretion in requiring plaintiffs to use the procedure the rules set forth.
 
 
 16
 Further, as the District Court pointed out, "[p]laintiffs did not file a motion to alter or amend judgment, nor did they ask to file an amended complaint, in which case the Court would have accepted the Rule 15(c) argument advanced here without the need of further analysis."
 
 
 17
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 18
 MERRITT, Circuit Judge, dissenting.
 
 
 19
 The majority, understandably impatient with the less-than-exacting performance of plaintiffs' counsel, elects to penalize the client for the sins of the lawyer. Visiting the misdeeds of counsel upon his client, if avoidable by a court, is generally inadvisable as a matter of judicial policy, see Jordan v. United States, 694 F.2d 833, 837 (D.C.Cir.1982). It is easily avoidable here. The majority's restrictive view of the availability of tolling in this case is unnecessarily hypertechnical and rigid in view of the liberal and remedial purposes of the National Flood Insurance Act. See 42 U.S.C. Secs. 4001-02 (Act's purpose to "promote the public interest by providing appropriate protection against the perils of flood losses").
 
 
 20
 But my principal reason for dissenting arises not from my disagreement with the majority over the proper exercise of discretion in applying tolling, but rather because the majority has ignored the dispositive effect of a fundamental and straightforward principle of law: the commencement of an action against a defendant ends the running of a statutory limitations period.
 
 
 21
 Amended section 1341 of the Flood Act, 42 U.S.C. Sec. 4072, provides that an insurance claimant must "within one year ... after ... disallowance ... institute an action against the Director on such claim in the United States District Court." Plaintiff filed his second action in the proper federal court on November 19, 1985 against the "National Flood Insurance Program" (NFIP) rather than against the "Director" of the Federal Emergency Management Agency, of which the NFIP is an operating program. Service was effected on December 10, 1985 upon a woman who represented herself as "authorized to accept service" for the NFIP. Although no service was made upon the United States Attorney for the appropriate district, in fact on April 10, 1986 the United States Attorney, apparently fully apprised of the pleadings and of the nature of the action and its proper target, appeared on behalf of the Director to assert that service had been improper and that the Director was the "only proper party defendant."
 
 
 22
 It is a long settled principle that when one entity, knowing itself to be the alleged wrongdoer whom the plaintiff intends to sue, appears to answer for the entity mistakenly named, the statute of limitations period ceases to run. The principle rests, of course, on the premise that a party cannot "enjoy the privilege of defending a lawsuit and dodge the responsibility that goes with it." Boehmke v. Northern Ohio Traction Co., 88 Ohio St. 156, 102 N.E. 700 (1913); see 2 H.G. Wood, Limitation of Actions Sec. 301(1) at 1513 (4th ed. 1916). To hold otherwise would confuse this situation--in which later correction of the misnomer will in no way change the type of action, the relief sought, or the real party who is the target of the lawsuit--with those in which it can fairly be said "a new cause of action" is brought by a later change in the type of action, the remedy sought, or the name of the defendant. See Developments in the Law--Statutes of Limitations, 63 Harv.L.Rev. 1177, 1241 (1950). At least as of April 10, 1986, well within the limitations period, the full nature of the lawsuit, the remedy sought, and its only lawful target were fully known both to the Director and to the United States Attorney, and indeed asserted by them in their motion of that date. A defendant with full notice of an action may plead that service of process has been technically inadequate in order to resist personal jurisdiction. That same notice, however, present here, is all that is necessary to stop the running of a limitation period.
 
 
 23
 Plaintiffs did "institute an action" within the one year period, 42 U.S.C. Sec. 4072; in fact, there was an action pending against the government, of which the United States had notice, for all but 11 days of the one-year period. In these circumstances, it is contrary to well-understood limitations principles and to all modern conceptions of justice to throw plaintiffs out of court on purely technical grounds of pleading. See Fed.R.Civ.P. 1.