**ERVINWOOD MARINE, INC. dba Riverdale Mariana, Plaintiff,**

**v.**

**FIREMAN'S FUND INSURANCE CO., Defendant.**

**JAMES B. OSWALD COMPANY, Defendant/Third Party Plaintiff,**

**v.**

**Robert MORRIS, Acting Director Federal Emergency Management Agency, et al., Third Party Defendants.**

**Civ. A. No. 89CV2073.**

United States District Court, N.D. Ohio, E.D.

Oct. 23, 1990.

Sheila M. Sinno, Grey W. Jones, Enz, Jones & Legrand, Columbus, Ohio, for Ervinwood Marine, Inc.

Harold H. Reader, III, Ulmer & Berne, Cleveland, Ohio, for Fireman's Fund Ins. Co.

Walter A. Rodgers, Timothy G. Sweeney, Quandt, Giffels, Buck & Rodgers, Cleveland, Ohio, for James B. Oswald Co.

Michael Anne Johnson, Office of U.S. Atty., Cleveland, Ohio, for Robert Morris, Director of Federal Emergency Management Agency.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

In this insurance dispute, Ervinwood Marina, Inc., brought suit in the Lake County Court of Common Pleas against Fireman's Fund Insurance Company for failing to compensate Ervinwood for losses experienced after flooding and a severe storm, and against Ervinwood's insurance agent, James B. Oswald Company, for negligently failing to secure adequate coverage. Oswald contended that Ervinwood's losses were covered under a Standard Flood Insurance Policy issued by the Federal Emergency Management Agency (FEMA). Oswald therefore brought a third-party complaint against Robert Morris, acting director of FEMA, and FEMA itself (collectively "FEMA").

FEMA removed the case to this Court and now moves for dismissal on the grounds of sovereign immunity. This Court agrees that FEMA is immune from the third-party complaint and accordingly grants FEMA's motion to dismiss. Since the absence of the claim against FEMA deprives this Court of any jurisdiction over this case, the case is remanded to the Lake County Court of Common Pleas.

### I.

According to the complaint, Ervinwood contacted Oswald to obtain property, flood, and casualty insurance in the spring of 1989. Oswald subsequently procured coverage from Fireman's Fund. On May 26, 1989, Ervinwood suffered a major loss because of a severe storm and flood. However, Fireman's Fund refused to compensate Ervinwood for the loss, representing that the loss was not covered under the policy which it had issued.

According to Oswald's third-party complaint, FEMA issued a flood insurance policy to Ervinwood. However, FEMA refused to compensate Ervinwood for its loss. Oswald argues that it would be entitled to indemnification and/or contribution from FEMA if Oswald is held liable in this lawsuit. Although Oswald states that Ervinwood attempted to file an insurance claim with FEMA, it is undisputed that Ervinwood did not name FEMA as a defendant in this lawsuit.

### II.

42 U.S.C. § 4072 establishes the conditions under which FEMA may be sued on a claim involving the federal flood insurance program. The statute provides in pertinent part:

> ... [T]he Director [of FEMA] shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred on such court to hear and determine such action without regard to the amount in controversy.

Thus, this statute constitutes a limited waiver of sovereign immunity by FEMA, an agency of the federal government. As a waiver of sovereign immunity, 42 U.S.C. § 4072 is to be construed narrowly. *State Bank of Coloma v. National Flood Insurance Program*, 851 F.2d 817 (6th Cir.1988); *Latz v. Gallagher*, 562 F.Supp. 690, 692 (W.D.Mich.1983). "[I]n cases where the federal government has consented to suit, courts must construe waivers strictly in favor of the sovereign and not enlarge the waiver beyond what the language requires." *State Bank of Coloma*, 851 F.2d at 820 (citation omitted).

FEMA contends that the only party who may bring an action against it is the insured whose claim has been denied. Oswald, while conceding that Ervinwood did not bring an action against FEMA, contends that it is entitled to maintain this action because the third-party complaint constitutes a "claim" against FEMA.

However, the context of the statute indicates that "claim" means the insured's claim for compensation for a loss, and the "claimant" is the only party authorized to challenge FEMA's actions in this Court. To allow a third party such as Oswald to maintain this action would require this Court to read the terms of the statute beyond their plain meaning, and to do so would violate the principal that waivers of sovereign immunity must be construed narrowly. Accordingly, FEMA's motion to dismiss the third-party complaint must be granted.

### III.

Since Oswald's third-party complaint against FEMA is dismissed, this Court does not have jurisdiction over this case under 42 U.S.C. § 4072, and the case does not appear to raise any other federal questions. Moreover, this case involves only Ohio plaintiffs and defendants. Since the Court lacks jurisdiction, the case must be remanded to state court.

### IV.

Oswald's third-party complaint against FEMA is dismissed; the case is remanded to the Lake County Court of Common Pleas.

IT IS SO ORDERED.