Bonnie BAILEY, as personal representative of the Estate of Clarence W. Bailey, on behalf of the Estate and Survivors, Plaintiff-Appellee,

v.

CARNIVAL CRUISE LINES, INC., Defendant-Appellant.

No. 85–5190.

United States Court of Appeals, Eleventh Circuit.

Nov. 4, 1985.

Rodney Earl Walton, Miami, Fla., for plaintiff-appellant.

Terry S. Nelson, Miami, Fla., for defendant-appellee.

Before JOHNSON and HENDERSON, Circuit Judges, and ALLGOOD *, District Judge.

JOHNSON, Circuit Judge:

In this case we are presented with a question of first impression: whether the filing of a suit under the Death on the High Seas Act in a state court will toll the running of a contractual time bar. The United States District Court for the Southern District of Florida held that filing an action in state court would prevent the running of such a bar. For the reasons stated herein we disagree and hold that such a state court action will not preserve this exclusively federal claim.

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

## I. FACTS.

This action alleges malpractice and wrongful death on board a cruise ship outside state territorial waters. The facts are in no way contested by either party. The appellee, Mrs. Bonnie Bailey, is the executrix of the estate of her husband, Clarence. They purchased two tickets for a vacation cruise on the appellant's ship, TSS CARNIVALE, that sailed on June 28, 1981. Sadly, the vacation ended in tragedy when, on June 30, Mr. Bailey suffered a heart attack on board the CARNIVALE. Efforts by the ship's medical crew to revive him were to no avail and he expired. Mrs. Bailey claims wrongful death due to medical malpractice.

The ticket issued by the appellant stated on its reverse at paragraph 7 that: "[s]uit to maintain any claim shall not be maintainable in any event unless commenced within one year after the date of the loss, injury or death." Mrs. Bailey concedes that she read and understood this provision to operate as a one year claim bar.

Appellee filed her claim on June 29, 1982, one day short of one year after her husband's death. This dispute arises from the fact that the appellee brought her claim under a federal statute, the Death on the High Seas Act, 46 U.S.C.A. § 761, *et seq.* (1985), in Florida state court, although the statute creates an exclusively federal cause of action. Carnival Cruise Lines contested the subject matter jurisdiction of the Florida court and the action was dismissed without prejudice on that ground in January 1983. Mrs. Bailey appealed the dismissal, and the state appeals court affirmed that dismissal on March 27, 1984. *Bailey v. Carnival Cruise Lines, Inc.*, 448 So.2d 1090 (Fla.Dist.Ct.App.1984). She then petitioned for rehearing, which petition was denied on May 4, 1984. The final decision of the state appeals court was issued on May 22, 1984.

On April 10, 1984, after losing in the state appeals court, but prior to the denial of rehearing and the issuance of the appeals court's final mandate, she filed this action in federal court. At that time nearly three years had elapsed between Mr. Bailey's death and the filing of Mrs. Bailey's claim in the proper court.

Once the federal suit was commenced, Carnival Cruise Lines moved to dismiss the action as time barred, arguing that the state suit did not toll the running of the limitations period set forth in the contract. On July 17, 1984, the United States District Court denied this motion, holding that filing an action under the federal statute in state court did act to toll the running of the bar. On January 23, 1985, the trial court also denied a motion for summary judgment but, finding no material fact at issue, certified the time bar question for immediate appeal to this court under 28 U.S.C.A. § 1292 (1985). This Court granted the petition for leave to appeal on March 1, 1985.

## II. DISCUSSION.

### A. The standard of review.

■ The question on appeal is whether the filing of an admiralty action under the Death on the High Seas Act ["DOHSA"] in state court suffices to toll the running of a contractual time bar to an action subsequently brought to federal court after the state court dismissed the action for lack of subject matter jurisdiction. Because this case presents no contested factual issues, we are presented solely with a question of law. In such circumstances our standard of review is plenary. *Cathbake Inv. Co. v. Fisk Electric Co.*, 700 F.2d 654, 656 (11th Cir.1983).

### B. Analysis.

This Court need not consider the question whether federal courts have exclusive jurisdiction over actions under this statute.[1] The Florida state court ruled that it had no subject matter jurisdiction over such claims, and the district court below did not dispute that point. Nor need the court address the validity of a contractual agree-

---

**1.** In *Mobil Oil Corporation v. Higginbotham,* 436 U.S. 618, 624, 98 S.Ct. 2010, 2014, 56 L.Ed.2d 581 (1978), the Supreme Court held that wrong-

ful death actions based on torts taking place

ment to a one year time bar.[2] The appellee in this case does not dispute that she was bound by the contract to file her claim within one year.[3] Rather, she advances two arguments. Neither is meritorious.

1) First, she argues that the strict language of the time bar itself[4] does not specify whether the action need be filed in state or federal court. Because the time bar here is contractual, as opposed to statutory, she argues that the usual canons of contractual construction should apply— that is, ambiguity as to contractual requirements for filing should be resolved against the appellant as the party who selected the language in contention.

■ This argument lacks merit for two reasons. The contractual provision here could not properly specify whether the action had to be filed in federal court because exclusive federal jurisdiction attaches only when the ship is outside the territorial waters of a state. When a ship is within those waters, the "saving clause" of 46 U.S.C.A. § 767 permits foregoing admiralty jurisdiction by electing usual tort remedies under common law in state courts. Because a cruise ship of necessity frequently passes into and out of territorial waters, the appropriate forum varies with the location of the ship. It would, therefore, be incorrect to specify a federal forum on the ticket clause.

The contention lacks merit for a second reason, that being that the exclusivity of federal court jurisdiction over DOHSA actions is well established by Supreme Court precedent, *Higginbotham*, 436 U.S. at 624, 98 S.Ct. at 2014, and customary practice in this Circuit. Mrs. Bailey's counsel is to be

presumed knowledgeable of the law. He could and should have brought this action in federal court originally.

■ 2) As to the second issue, whether the filing of an action in state court tolls the time bar, there is no controlling case law in this Circuit. There are, however, two cases that present facts analagous to this situation.

The appellant relies most strongly on a case by the former Fifth Circuit that, though not totally dispositive, offers sound guidance to this Court. In *United States v. Maryland Casualty Co.*, 573 F.2d 245, 247 (5th Cir.1978), the former Fifth Circuit considered a case brought under the Miller Act, 40 U.S.C.A. § 270(b) (1985), which act provides exclusive federal jurisdiction for bonded public works contractors sued for non-payment for labor or material furnished. That statute has a one year limitation provision. The plaintiff there filed his suit within the one year period in Louisiana state court. When he was sent to the United States District Court, the action was dismissed for failure to tender his claim in federal court within the one year period. The Fifth Circuit, Judge Hill writing for the court, rejected the plaintiff's argument that filing in state court tolled the statute:

> The rights created by the Miller Act are federal in nature and scope, and federal law controls the computation of the limitations period.

> Those circuits that have considered the question have uniformly regarded the one-year filing requirement as a jurisdictional limitation on the substantive rights

---

outside territorial waters are governed solely by DOHSA.

**2.** This Court upheld the validity of that particular clause in *Braun v. Carnival Cruise Lines*, 749 F.2d 732, 1985 AMC 834, 836 (11th Cir.1984) (*per curiam*), and has upheld them generally, *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 12 (5th Cir.1979). It is likewise consistent with the statute governing limitations on timeliness of admiralty claims. 46 U.S.C.A. § 183b (1985).

**3.** However, Mrs. Bailey does attempt to use the fact that this case is governed by a contractual

time bar to distinguish it from several cases upon which the appellant relies where the question was whether a prior state action tolled the time bar provided by statute. This is meritless. There is "no essential difference between contractural [sic] and statutory limitations." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984), *cert. denied*, — U.S. ——, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985).

**4.** "Suit to maintain any claim shall not be maintainable in any event unless commenced within one year after the date of the loss, injury or death."

conferred by the Miller Act. In principle this is consonant with the thesis that, because the right is federal in nature, the filing of suit in a non-federal jurisdiction does not toll the statute.

573 F.2d at 247 (citations omitted). We concluded that if a statute runs before the action is filed in *federal* court, dismissal is appropriate.[5] The appellant argues that we should be guided by this case because, but for the substitution of the Miller statute, the facts of the two cases are substantially the same, and because both DOHSA and the Miller Act vest exclusive jurisdiction in the federal judiciary.

The court below and the appellee rely upon several cases. In *Berry v. Pacific Sportfishing*, 372 F.2d 213 (9th Cir.), *cert. denied*, 389 U.S. 821, 88 S.Ct. 42, 19 L.Ed.2d 72 (1967), the plaintiff brought a wrongful death action in state court under DOHSA one year after her husband's death. The statute's two year limitation applied, there being no contractual agreement contrary. The action progressed through preliminary stages for another year and was docketed for trial before the defendant raised the subject matter jurisdiction claim and secured an injunction against the state action—three days after the two year bar became applicable. Berry filed a new action in federal district court that was dismissed as barred by the statute of limitations. The Ninth Circuit reversed. On the rationale that the statute of limitations acted only to prevent "surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared," the court noted that Berry had prosecuted the action without break and accordingly the policy justifying a bar was not implicated. "[T]he

plaintiff did not fail to file [her] action in the federal court because [she] was disinterested but because [she] felt that [her] state action was sufficient.[6]

It is obvious from the tone and language of *Berry* that the court was concerned by the fact that the appellee had waited, biding his time on the jurisdictional claim until it could be raised at the point where the appellant would be barred from refiling her action in federal court. In the instant case Carnival Cruise Lines attacked the state court action on jurisdictional grounds from the first pleadings. Despite this, Mrs. Bailey affirmatively chose to pursue her claim in state court up the appellate ladder, allowing the contractual limit to run before finally moving into federal court while she pursued her last possible rehearing in state court.

The appellee also offers our opinion in *Platoro Ltd v. Unidentified Remains*, 614 F.2d 1051 (5th Cir.), *cert. denied*, 449 U.S. 901, 101 S.Ct. 272, 66 L.Ed.2d 131 (1980). In an admiralty case arising out of a salvage operation, the appellant sought to recover from the state of Texas on an agreement to divide the proceeds of a 400 year old Spanish wreck. Texas had refused to honor its agreement, and it took the appellant several years past the two year statute of limitations time period to get the state legislature to waive state sovereign immunity, as well as several trips to federal court to get around an Eleventh Amendment problem. This Court held that principles of equity would allow a court to toll the statute of limitations to avoid injustice in a case where the plaintiff had diligently advanced his claim. *Id.* at 1054–55. But the Court was careful in footnote 5 to decline to announce a broad rule on tolling of statutes of limitations. Here too we

---

5. The appellant also cites *Falsetti v. United Mine Workers*, 355 F.2d 658, 662 (3rd Cir.1966), a case alleging breach of a collective bargaining agreement and breach of duty of fair representation. The court there did reject the argument that the "statute of limitations was tolled by the commencement of the state suit," but the reasoning of the court and the facts of the case are opaque. It is not sufficiently clear what had gone before to determine if this is supportive of appellant's claims.

6. This is an estoppel argument of sorts. Judge Hill considered a similar contention in *Maryland Casualty* and noted that it was "regrettable" that the parties proceeded through the action in state court without the issue being raised in time to allow the plaintiff to file a federal action. But because no estoppel claim was made, the Court declined to consider "whether an estoppel might toll the statute." 573 F.2d at 245. We hold today that a state action does not estop the tolling of a contractual claim bar.

decline to articulate a broad, equitable exception to contractually created time bars. Nor do we find any equitable considerations that would justify excepting Mrs. Bailey from the consequences of her choice to advance her claim in state court.

Finally, the district court below justified its decision in part on the holding in *Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). There the plaintiff filed an action under the Federal Employer's Liability Act in an Ohio state court. The case was properly before the state court, since the FELA creates concurrent state and federal jurisdiction, but the action had been dismissed for improper venue. Eight days later the plaintiff filed suit in federal court, where the court dismissed the action as barred by the statute of limitations.

The Supreme Court reversed, noting that the plaintiff had pursued his claim diligently, that the court properly had jurisdiction, and that it was unfair to bar an action, otherwise timely, on venue grounds. "These considerations thus lead us to conclude that when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and the plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." 380 U.S. at 434–35, 85 S.Ct. at 1058.

*Burnett* is not controlling in Mrs. Bailey's case because the underlying statutory provisions are quite different. In *Burnett* the FELA expressly created concurrent federal/state court jurisdiction, whereas here the Florida courts never had jurisdiction because DOHSA creates an exclusively federal cause of action.

## III. CONCLUSION.

■ The reasoning of this Court in *Maryland Casualty* is persuasive and is controlling in cases arising under the DOHSA. It is well settled that such cases must be brought in federal court, and there are neither policy considerations in general nor equitable justifications in the facts of this case to warrant holding that federal claims improperly filed in state courts are free from the risk of time bar. A holding contrary would encourage frivolous claims in state courts, waste state judicial resources, and create an easy method to run up litigation costs for defendants. Mrs. Bailey's claim is time barred. Accordingly, this case is

REVERSED and REMANDED with instructions to dismiss.