**Jimmy EDMONDS, Plaintiff,**

v.

**FEDERAL CROP INSURANCE CORPORATION, Defendant.**

**Civ. A. No. 87–G–1246–W.**

United States District Court,
N.D. Alabama, W.D.

March 25, 1988.

W.W. Dinning, Jr., Lloyd Dinning Boggs & Dinning, Demopolis, Ala., for plaintiff.

Frank W. Donaldson, U.S. Atty., James D. Ingram, Asst. U.S. Atty., Birmingham, Ala., for defendant.

MEMORANDUM OPINION

GUIN, District Judge.

This cause is before the court upon the defendant's motion to dismiss, or in the alternative, for summary judgment. The court has elected to treat the motion as one for summary judgment. (See this court's order of September 25, 1987.)

This action arises out of a crop insurance policy issued by the Federal Crop Insurance Corporation (hereinafter "FCIC") to the plaintiff. The plaintiff was notified of

the FCIC's final denial of his claim for indemnity under the policy by letter of Edward D. Hews dated June 23, 1986. The return receipt for the letter was signed by Linda Edmonds at the plaintiff's address on June 26, 1986. The plaintiff has not contended that he did not receive the letter on that date. The plaintiff filed suit in state court on June 23, 1987, pursuant to 7 U.S.C. § 1508(c) and the action was removed to this court on July 17, 1987. The FCIC asserts that it is entitled to a summary judgment in its favor because the plaintiff failed to file an action in the appropriate United States district court within the one-year period mandated in 7 U.S.C. § 1508(c). The plaintiff has argued that the limitations period was tolled by the filing of the complaint in state court, or alternatively, that the FCIC has waived its limitations defense.

■ Because of its interrelation with other issues, the first issue that must be addressed is sovereign immunity. Although governmental corporations do not inherently possess sovereign immunity, Congress clearly has the power to endow them with governmental immunity. *Keifer & Keifer v. Reconstruction Finance Corp.*, 306 U.S. 381, 389, 59 S.Ct. 516, 517, 83 L.Ed. 784, 789 (1939). Congress empowered the FCIC to sue and be sued in 7 U.S.C. § 1506(d). That section provides as follows:

> [S]ubject to the provisions of section 1508(c) of this title, [the FCIC] may sue and be sued.... The district courts of the United States ... shall have exclusive original jurisdiction ... of all suits brought by or against the Corporation.

7 U.S.C. § 1506(d). The import of this section is clear. Congress empowered the FCIC to be sued *"subject to the provisions of section 1508(c)...."* (Emphasis added.) Therefore, section 1508(c) must be examined to determine what conditions are attached to suits against the FCIC. That section authorizes actions against the FCIC when a claim for indemnity has been denied by the Corporation. It provides in pertinent part as follows:

> [The FCIC is authorized and empowered] [t]o adjust and pay claims.... In the event that any claim for indemnity ... is denied by the Corporation, an action on such claim may be brought against the Corporation in the United States district court for the district in which the insured farm is located: *Provided*, That no suit on such claim may be allowed under this section unless it shall have been brought within one year after the date when notice of denial of the claim is mailed to and received by the claimant.

7 U.S.C. § 1508(c) (emphasis in original). Because Congress has the power to confer governmental immunity on the FCIC, it may also establish the conditions under which the FCIC must be sued. Section 1508(c) requires suits against the FCIC on claims for indemnity to be brought within one year of the date the denial of the claim is mailed and received by the claimant.

■ In the context of suits against the United States directly it is clear that time limits, such as the one contained in section 1508(c), constitute conditions attached to the waiver of governmental immunity. *United States v. Kubrick*, 444 U.S. 111, 118, 100 S.Ct. 352, 357, 62 L.Ed.2d 259, 267 (1979). Such time limits are not statutes of limitations in the ordinary sense but rather operate to "[grant] for a limited time the right of action afforded...." *Simon v. United States*, 244 F.2d 703, 705 (5th Cir. 1957); *see also, Houston v. United States Postal Service*, 823 F.2d 896, 902 (5th Cir. 1987). In such statutes, *"[t]he time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right....* [If an action is not commenced] *within the specified time, the action and the right of action no longer exist...."* *Simon* at 705 (quoting 34 Am.Jur. *Limitation of Actions* § 7) (emphasis in original).

Following this reasoning, courts have consistently held the time limits found in statutes authorizing suits against the United States to be strict conditions of the remedy given. *See e.g., United States, etc. v. Maryland Casualty Co.*, 573 F.2d 245,

247 (5th Cir.1978) ("Those circuits that have considered the question have uniformly regarded the one-year filing requirement as a jurisdictional limitation on the substantive rights conferred by the Miller Act."). Therefore, the filing of suit within the time limits prescribed in such cases is a jurisdictional requirement which may not be waived. The filing of a suit within such a period is an indispensable condition of the liability of the United States whether the limitations period is pleaded or not. *Goff v. United States*, 659 F.2d 560, 561 (5th Cir. 1981).

In the instant case, a governmental corporation is involved. However, the same reasoning applies. Congress, in empowering the FCIC to be sued clearly attached a condition to the right of action for indemnity, namely, that no suit shall be allowed if brought more that one year after the notice of denial was mailed to and received by the claimant. Section 1508(c) operates as a grant of immunity to the FCIC from suits not brought within the limitations period. Therefore, the one year period is jurisdictional and may not be waived. *See, Goff* at 561. For this reason, the plaintiff's argument concerning the timeliness of the FCIC's motion addressed to the limitations period is without merit. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that the court must dismiss the action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter...."

Though this resolves the waiver issue, it does not necessarily resolve the plaintiff's tolling argument. Even though the limitations period acts as a partial grant of sovereign immunity to the FCIC, it might still be tolled.

The Supreme Court considered whether the distinction between substantive and procedural limitations periods was determinative of the tolling question in *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941, (1965). Burnett involved the Federal Employers' Liability Act. Concerning the limitations period found in that act, the Court conclud-

ed that the " [c]lassification of such a provision as 'substantive' rather than 'procedural' does not determine whether or under what circumstances the limitations period may be extended." 380 U.S. at 426–27, 85 S.Ct. 1053–54, 13 L.Ed.2d at 944. As the Court noted in *Burnett*, the question of whether and under what circumstances such a limitations period should be extended is one of legislative intent. 380 U.S. at 426, 85 S.Ct. at 1053, 13 L.Ed.2d at 944.

The plaintiff has argued that the limitations period in the instant case should be tolled by virtue of his having filed suit in state court within the one-year limitations period. In the context of a removed case, this presents a question of first impression.

It would not have been necessary for the court to address the question raised by the plaintiff's argument prior to addition of subsection (e) to 28 U.S.C. § 1441 in 1986. That subsection provides as follows:

> The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

28 U.S.C. § 1441(e). Prior to that time jurisdiction of the district courts over removed cases was derivative. The "derivative jurisdiction" doctrine prevented district courts from acquiring removal jurisdiction over a case unless the state court from which the action was removed had jurisdiction. This prevented district courts from exercising removal jurisdiction in cases over which the federal courts had exclusive jurisdiction. *See,* Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3722 (1985). Because jurisdiction over actions against the FCIC is vested exclusively in the United States district courts, the question facing this court could not have arisen prior to the enactment of 28 U.S.C. § 1441(e). That subsection applies to all actions filed in state court subsequent to June 19, 1986, and, therefore, this court is not required to dismiss the action because of the "derivative jurisdiction" doctrine.

Pub.L. 99–336, § 3(b) *reprinted in* 28 U.S.C. § 1441(e) (West Supp. 1987).

Though the question presented by this case has not been answered in a case removed from state court, the Eleventh Circuit has addressed essentially the same issue in a case filed in federal court after a prior dismissal in state court. In *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577 (11th Cir.1985), the court was asked to decide "whether the filing of an admiralty action under the Death on the High Seas Act ["DOHSA"] in a state court suffices to toll the running of a contractual time bar to an action subsequently brought to federal court after the state court dismissed the action for lack of subject matter jurisdiction." *Id.* at 1578 (brackets in original). Federal courts have exclusive jurisdiction over DOHSA actions. *Id.* at 1579. The court found that the filing of a DOHSA action in state court did not operate to toll the running of the limitations period. *Id.* at 1581.

In reaching that conclusion the court relied heavily on *United States, etc. v. Maryland Casualty Co.*, 573 F.2d 245 (5th Cir. 1978). In that case is found the following:

> Those circuits that have considered the question have uniformly regarded the one-year filing requirement as a jurisdictional limitation on the substantive rights conferred by the Miller Act. In principle, this is consonant with the thesis that, because the right is federal in nature, *the filing of suit in a non-federal jurisdiction does not toll the statute.*

*Maryland Casualty* at 247 (citations omitted) (emphasis added).[1] In *Bailey*, the court characterized its ruling in *Maryland Casualty* as follows: "We concluded that if a statute runs before the action is filed in *federal* court, dismissal is appropriate." *Bailey* at 1580 (emphasis in original). In the instant case, as in *Bailey*, the state court never had jurisdiction over the action. *Id.* at 1581. Therefore, the filing of an action in state court should have no effect

on the running of the limitations period. In *Bailey*, the court concluded as follows:

> The reasoning of this court in *Maryland Casualty* is persuasive and is controlling in cases arising under the DOHSA. It is well settled that such cases must be brought in federal court, and there are neither policy considerations in general nor equitable justifications in the facts of this case to warrant holding that federal claims improperly filed in state courts are free from the risk of time bar.

*Id.* This reasoning is equally applicable to the instant case. The case was promptly removed to federal court. This is not a case in which the defendant delayed action until after the time bar. Therefore, no equitable exception is called for to the rule laid down in *Maryland Casualty*. The case was filed a mere three days prior to the latest date on which the time bar might be held to have expired.

There is no reason to distinguish the instant case on the basis that it was removed to federal court rather than dismissed and then refiled. In the instant case, the FCIC's right to have the state court action dismissed cannot be questioned. The state court was clearly without jurisdiction over the action. A timely motion to dismiss would have undoubtedly been granted. If the plaintiff chose to refile his action in federal court, this case would now be in exactly the same posture as *Bailey* and *Maryland Casualty*. Therefore, it would be illogical to attach significance to the fact that the case was brought to federal court by removal rather than by being dismissed and subsequently refiled. Though having the state court action dismissed for want of jurisdiction might seem the preferable course of action in a case such as this, the FCIC was within its rights to have the case removed to the only court that would have jurisdiction over the claims.

---

1. *Maryland Casualty* is especially applicable to the instant case. The wording of the limitations period contained in the Miller Act is closely analogous to that found in section 1508(c). The limitations period of the Miller Act provides for the exclusive jurisdiction of the district courts and then provides that "no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed...." 40 U.S.C. § 270b(b).

Yet another reason exists for not considering removed cases differently from those refiled in federal court following a state court dismissal. As noted above, the question of whether or not a limitations period such as the one in 7 U.S.C. § 1508(c) is to be extended is one of legislative intent. *Supra* p. 658. Section 1508(c) was last amended in 1980, six years prior to the enactment of 28 U.S.C. § 1441(e). Congress, in enacting section 1508(c), can hardly have intended for the filing of the state court complaint in the instant case to toll the limitations period. At the time section 1508(c) was enacted, the doctrine of "derivative jurisdiction" prevented district courts from acquiring jurisdiction over such cases.

Nor can an intention that the limitations periods should be tolled by the filing of a state court action be gleaned from the enactment of section 1441(e). The legislative history of section 1441(e) clearly shows that congress was primarily interested in saving judicial resources. *See,* H.Rep. No. 99–423, *reprinted in* 1986 U.S. Code Cong. & Ad. News 1545 at 1553. There is no indication that Congress intended to alter, or even thought about, the settled rules concerning the tolling of the limitations periods in cases within the exclusive jurisdiction of the district courts. The wording of the section itself offers no support for altering the settled tolling rules. It is narrowly drafted as a repeal of the doctrine of "derivative jurisdiction" and nothing more. Because filing suit within the limitations period of 7 U.S.C. § 1508(c) is a jurisdictional prerequisite to the maintenance of suit, a tolling of that period should not be inferred unless Congress's intention is clearly expressed. Such an intention is not implied by the enactment of section 1441(e). This is a question Congress might wish to consider in the future as 1441(e) will cause these questions to become more frequent.

Therefore, under the authority of *Maryland Casualty* and *Bailey* the filing of the state court complaint in the instant action did not toll the running of the limitations

period found in 7 U.S.C. § 1508(c). The suit arrived in federal court[2] after that period had run and there are no equitable considerations specific to this case to warrant the tolling of the limitations period. Therefore, the action is time barred and this court is without jurisdiction to hear the action.

An appropriate order will be entered contemporaneously herewith.

### ORDER

This cause came before the court upon the motion of the defendant to dismiss, or in the alternative, for summary judgment, which the court has elected to treat as a motion for summary judgment. Having considered the motion, pertinent portions of the record and submissions of counsel, the court is of the opinion that it lacks jurisdiction over the action. Accordingly, it is

ORDERED, ADJUDGED and DECREED that, in conformity with the memorandum opinion entered contemporaneously herewith, this action be and it hereby is DISMISSED for want of jurisdiction— there being no genuine issue of fact relative to this determination.

---

2. This court need not decide whether the date of petition for removal or some later date should be deemed to be the date on which the suit was brought for the purposes of 7 U.S.C. § 1508(c), as that date (the earliest on which the suit could be deemed brought under *Maryland Casualty* and *Bailey*), falls outside the limitations period.