**Gene HAMMIT and Donnie Hammit, Plaintiffs,**

v.

**FEDERAL CROP INSURANCE CORPORATION, Defendants.**

No. 88–B–1512.

United States District Court, D. Colorado.

May 5, 1989.

J. Albert Sebald, Michael W. Callahan, Grant, McHendrie, Haines, Crouse, P.C., Denver, Colo., for plaintiffs.

Paul M. Ray, Asst. U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Hearing was held on May 5, 1989 at 8:00 a.m., to determine whether this action is an administrative review governed by the Administrative Procedure Act (APA), 5 U.S.C. § 704, *et seq.* Defendant, Federal Crop Insurance Corporation (FCIC), contends that this action is governed by the APA and that judicial review is limited to the administrative record, obviating the need for discovery. Plaintiffs, Gene and Donnie Hammit (Hammits), argue instead that this is a plenary action not within the provisions of the APA such that this Court has *de novo* judicial review and full pretrial discovery is available to both parties. I agree with the FCIC that its underlying action was governed by the APA. However, I agree with the Hammits that this Court has *de novo* judicial review.

■ The Hammits entered into contracts with the FCIC to insure crops in Colorado and Kansas for the crop years 1980, 1981, 1982, and 1983, and submitted claims to the FCIC for losses in these years.

The FCIC informed the Hammits of its determination that their 1980 claims were based on misrepresentation and concealment of facts and that their contracts were voided "effective with the beginning of the 1980 crop year for all crops and succeeding crops." The Hammits requested an administrative review of the FCIC's decisions regarding their claims.

In September 1986, upon appeal investigation, the FCIC found no evidence that the Hammits submitted false documents or acted in collusion with others to defraud the government. Pursuant to these findings, the Hammits also submitted indemnification claims for the crop years 1981, 1982, and 1983. Because the FCIC contends that it overpaid the Hammits for crop loss claims arising in 1980, it setoff the overpayment against monies due and owing the Hammits. In April 1988, the Hammits were informed by the FCIC that their claims were denied, and that all administra-

tive appeals had been exhausted. This action was then filed.

The Hammits argue that this is not an action for judicial review under the APA because their claim for relief is for "money damages," which is specifically excluded from the right to judicial review under the APA. I disagree.

5 U.S.C. § 702, the right to judicial review under the APA, states in pertinent part:

### § 702. Right of Review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party....

Although governmental corporations do not inherently possess sovereign immunity, Congress has the power to endow them with governmental immunity. *Keifer & Keifer v. Reconstruction Finance Corp.*, 306 U.S. 381, 389, 59 S.Ct. 516, 518, 83 L.Ed. 784 (1939). Congress empowered the FCIC to sue and be sued in 7 U.S.C. § 1506(d), "subject to the provisions of section 1508(c)." 7 U.S.C. § 1506(d). When Congress has created agencies of the federal government with the power "to sue and be sued," this has generally been construed as a waiver of sovereign immunity for certain purposes. *R & R Farm Enterprises, Inc. v. Federal Crop Ins. Corp.*, 788 F.2d 1148 (5th Cir.1986); *Edmonds v. Federal Crop Ins. Corp.*, 684 F.Supp. 656 (N.D.Ala. 1988). Thus, § 1508(c) attaches certain conditions to a suit brought against the FCIC. Under § 1508(c), the Hammits may bring an action against the FCIC on their "claim for indemnity." It allows the Hammits to sue for indemnification for loss. Although the Hammits are seeking payment from the FCIC based upon crop insurance contracts, the payments sought are for indemnification and not as damages. The Hammits only right to money is by overturning the FCIC's decision to deny their claim for indemnification.

Moreover, the insurance contracts at paragraph 5, subsection (e) specifically state that:

Any indemnity will be payable within 30 days after a claim for indemnity is approved by the [FCIC]. *However, in no event shall the [FCIC] be liable for interest or damages in connection with any claim for indemnity* whether such claim be approved or disapproved by the [FCIC]. (Emphasis added).

Based upon this statutory and contractual language, the Court concludes that the FCIC's underlying action was an adjudicative proceeding governed by the provisions of the APA to determine whether the Hammits were entitled to indemnification by the FCIC for crop losses. 7 C.F.R. § 400.90, *et seq.*

■ Having determined that the FCIC's underlying action was governed by the APA, it is necessary to ascertain this Court's scope of review. The Hammits brought this action pursuant to 7 U.S.C. § 1508(c), which authorizes and empowers the FCIC to pay claims and provides for action on the denial of claims. There is no dispute that the Hammits commenced this action within one year after the date they received notice of the FCIC's denial of their indemnity claims, the limitation period provided by the act. What the Hammits contend, is that actions brought pursuant to § 1508(c) are "plenary in nature" and not within the provisions of the APA. The Hammits further argue that because they have complied with the appeal procedure specified in the FCIC regulations at 7 C.F.R. § 400.90, *et seq.*, and have exhausted their administrative remedies, they are now entitled to bring a plenary proceeding pursuant to § 1508(c) to challenge the FCIC's adverse decisions. I agree.

Section 1506(d), the "sue and be sued clause" provides in pertinent part that:

**834**

"... The district courts of the United States ... shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the [FCIC].

Further, section 1508(c) states:

To adjust and pay claims for losses under rules prescribed by the Board. In the event that any claim for indemnity under the provisions of this chapter is denied by the [FCIC], an action on such claim may be brought against the [FCIC] in the United States district court for the district in which the insured farm is located: Provided, That no suit on such claims may be allowed under this section unless it shall have been brought within one year after the date when notice of denial of the claim is mailed to and received by the claimant.

In resolving this issue, the Court begins with the language of the statute itself. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). Where the language of a statute is clear, it must be followed and applied as written. *Nevada Power Co. v. Watt*, 711 F.2d 913, 920 (10th Cir.1983); *In re Leonard*, 866 F.2d 335 (10th Cir.1989). The statute must be construed and applied as a whole. *Id.*

Under the first sentence of § 1508(c), the FCIC has the authority to pay claims for losses "under rules prescribed by the Board." Those rules also prescribe a procedure for obtaining review of determinations made by the FCIC. 7 C.F.R. § 400.90 *et seq.* (1986). Once a party has complied with those procedures, the FCIC's organic statute provides that party with the right to bring an action against the FCIC on its claim for indemnity. 7 U.S.C. § 1508(c). Section 1508(c) does not state that the agency's determination is to be "reviewed" by the district court. Nor does § 1508(c) specify the scope of judicial review. Rather, § 1508(c) operates as a waiver of sovereign immunity and requires only that actions against the FCIC on claims for indemnity be brought within one year of the date the denial of the claim is mailed and received by the claimant. *Edmonds v. Federal Crop Ins. Corp., supra.*

Accordingly, the Court holds that review of this action is not confined to consideration of the agency's decision and of the evidence on which it was based. Rather, the Court has *de novo* review of the FCIC's denial of the Hammits' claim for indemnification.