2 F.3d 1149
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence C. CLARKE, III, Plaintiff-Appellant,
v.
FEDERAL CROP INSURANCE CORPORATION, Defendant-Appellee.
 No. 92-2601.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 14, 1993.
Decided: August 11, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. B. Waugh Crigler, Magistrate Judge. (CA-91-20)
 Roger Scott Martin, Charlottesville, Virginia, for Appellant.
 Richard Albert Lloret, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 E. Montgomery Tucker, United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lawrence C. Clarke, III, challenges the Federal Crop Insurance Corporation's (FCIC) rejection of his application for crop insurance on his apple crop in Rockbridge County, Virginia, for the 1989 crop year. The district court upheld the FCIC's decision. We affirm.[1]
 
 
 2
 Clarke obtained crop insurance from the FCIC for the 1986 and 1987 crop years.[2] There was no actuarial table for apple crops in Rockbridge County, so each year the FCIC adopted the actuarial table prepared for apple crops in neighboring Nelson County. Clarke did not obtain crop insurance for the 1988 crop year.
 
 
 3
 After Clarke suffered a crop loss in 1988, he applied for disaster assistance benefits under the Disaster Assistance Act of 1988 (the Act), Pub. L. No. 100-387, 102 Stat. 924 (codified in scattered sections of 7, 12, 16, 29 & 43 U.S.C.).[3] The Act required that farmers obtain insurance on their 1989 crops as a condition precedent for receipt of benefits for 1988 crop losses. Id. Sec. 207(a) (reprinted at 7 U.S.C.A. Sec. 1421 note, Sec. 207(a) (West Supp. 1993)). Farmers were not required to obtain crop insurance, however, if insurance coverage was not "available." Id. Sec. 207(b)(2).
 
 
 4
 The FCIC deadline to obtain insurance for 1989 crops was November 20, 1988. This original deadline was extended until May 1, 1989, for farmers required to obtain insurance as a prerequisite for disaster benefits. The deadline extension resulted in some confusion, and the FCIC later clarified that the deadline had only been extended for farmers "required to have crop insurance as a condition of eligibility for a disaster payment." (J.A. at 19.) The FCIC further stated:
 
 
 5
 For nonprogram crops such as PEACHES and APPLES, insurance IS considered available IF an actuarial table (FCI35) has been issued for the ... county and crop....
 
 
 6
 NOTE: For peaches and apples where there is no actuarial table (FCI-35) insurance is NOT available. This includes adjoining or "X" counties where written agreements might have been available before.
 
 
 7
 (J.A. at 19)
 
 
 8
 In compliance with the Act's requirement, Clarke applied for insurance on his 1989 apple crop on March 29, 1989. (J.A. at 9.) Clarke's application was denied from the outset. Upon review, the FCIC supported the denial stating that it was unable to provide the 1989 crop insurance Clarke had requested because "[c]rop insurance is considered unavailable in counties where there is no FCI-35 actuarial rate table and the application was not taken by the sales closing date of November 20, 1988." (J.A. at 10.) The FCIC's final appeal decision, issued April 20, 1990, reaffirmed the denial of Clarke's "late submitted request" because "[w]ithout a guarantee and premium rate, apple coverage is not offered in that county." (J.A. at 11.)
 
 
 9
 Clarke vehemently contends that his application was timely, and therefore the denial was wrongful. According to Clarke, the lack of an actuarial table was not an independent ground upon which the FCIC relied in denying his application and there is no other legitimate basis for the insurance denial.
 
 
 10
 In our view, the memorandum quoted above is dispositive of this claim. The November deadline was only extended for farmers who were required to obtain insurance in order to qualify for disaster benefits. The Act clearly provides that this requirement is not applicable if insurance is not available. The FCIC memorandum explicitly stated that insurance was not considered to be "available" where the crop was apples or peaches and no actuarial table had been established for the county in which the crop was located. Because insurance was not "available" to Clarke, he was not required to obtain insurance as a condition for receiving disaster benefits, the extended deadline was not applicable, and the denial was proper.
 
 
 11
 We share the district court's concern for the proper and fair adjudication of "claims by little guys against the big Government," (J.A. at 46), especially in light of the muddled determinations that Clarke received from the FCIC. Nevertheless, as the Supreme Court has stated " '[m]en must turn square corners when they deal with the Government,' " and "not even the temptations of a hard case can elude the clear meaning" of the FCIC's memorandum. Federal Crop Ins. Corp. v. Merrill, 322 U.S. 380, 385, 386 (1947) (quoting Rock Island, A. & L. R.R. Co. v. United States, 254 U.S. 141, 143 (1920)). Accordingly, we affirm the district court's judgment in favor of the FCIC.
 
 AFFIRMED
 
 
 [1]
 The district court granted the FCIC's request to dismiss Clarke's claim under the Administrative Procedure Act (APA), 5 U.S.C. Sec. 702 (1988), but allowed Clarke to proceed on a claim for de novo review of the FCIC's decision under Hammit v. Federal Crop Insurance Corp., 712 F. Supp. 832 (D. Colo. 1989). The FCIC has not cross-appealed this decision by the district court. Although we have grave doubts about the propriety of de novo review, we do not address this issue because it has not been raised by the parties and because we affirm the ultimate disposition in favor of the FCIC
 
 
 [2]
 Under the FCIC's reinsurance program, a farmer can apply for crop insurance with a participating private insurance agency and the FCIC will reinsure the agency's policy
 
 
 [3]
 The agency which administers the distribution of disaster assistance benefits is the Agricultural Stabilization and Conservation Service (ASCS)