[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 99-11417

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 13 2000
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00313-4-CV-HLM

TOMMY L. HAIRSTON,
EARTH SATELLITE ELECTRONIC
DISTRIBUTORS, INC., d.b.a.
Private Cable Systems,

Plaintiffs-Appellants,

versus

TRAVELERS CASUALTY &
SURETY CO., f.k.a. Aetna Casualty
and Surety, TRAVELERS
PROPERTY CASUALTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 13, 2000)

Before ANDERSON, Chief Judge, HILL and KRAVITCH, Circuit Judges.

ANDERSON, Chief Judge:

Tommy Hairston and Earth Satellite Electronic Distributors, Inc. appeal the district court's dismissal of their suit under a flood insurance policy against Travelers Casualty & Surety Co. and Travelers Property Casualty. Appellants appeal the district court's determination that the federal courts have exclusive jurisdiction over claims brought pursuant to National Flood Insurance Program ("NFIP") policies and that filing in state court did not toll the statute of limitations. We affirm.

## I. FACTS

Appellants purchased flood insurance in 1993 from Write Your Own ("WYO")[1] company Aetna Casualty and Surety, which later merged with or was purchased by the Appellees. Appellants suffered flood damage in 1995 and received payment for that damage. Almost two years later, Appellants noticed further damage which they thought was from the 1995 flood and filed again. This time, the Appellees would not pay. On November 13, 1997, Appellees notified the Appellants that no further investigation would be conducted and

---

[1] In 1983, the Federal Emergency Management Agency created the WYO program whereby private insurers issue National Flood Insurance policies. For a full explanation of the NFIP history, *see Van Holt v. Liberty Mutual Fire Insurance Co.*, 163 F.3d 161, 167 (3d Cir. 1998).

that the claim was denied. On November 11, 1998, Appellants filed suit in state court. The Appellees answered, alleging that federal courts have exclusive jurisdiction of actions arising under NFIP policies and filing for removal. The removal to federal court occurred on December 15, 1998, more than a year after appellees denied the claim. After the action was removed to federal court, the Appellees filed a motion to dismiss because the Appellants had missed the NFIP's twelve month statute of limitations. The district court granted the motion, finding that the federal courts have exclusive jurisdiction and that filing in state court did not toll the statute of limitations.

## II. DISCUSSION

A.  <u>Federal Courts Have Exclusive Jurisdiction Over Suits Brought Pursuant to Policies Issued Under the National Flood Insurance Program</u>

It is a general principle of law that a state court may assume jurisdiction over cases arising under federal laws in the absence of "a provision by Congress to the contrary or disabling incompatibility between the federal claims and state-court adjudication." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477-478, 101 S. Ct. 2870, 2875 (1981). Beginning with this presumption that concurrent jurisdiction exists, courts are to determine whether Congress intended to restrict

3

jurisdiction to the federal court. *See id.* at 478, 101 S. Ct. at 2875. This presumption can be rebutted by a showing of any one of the following: "an explicit statutory directive," an "unmistakable implication from legislative history" or "a clear incompatibility between state-court jurisdiction and federal interests." *Id.*

## 1. Explicit Statutory Directive

We begin with an examination of the language in the statute that the parties agree is the governing statute. In 42 U.S.C. § 4072,[2] the claimant is instructed that

[2]     Section 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072. Both parties agree that § 4072 is the governing statutory provision. Because it is clear that the district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, *Newton v. Capital Assur. Co., Inc.*, 209 F.3d 1302, 1305 (11th Cir. 2000), we again need not address the issue of whether 42 U.S.C. § 4072 provides an additional basis for jurisdiction of a suit against a WYO company, an issue left open in *Newton*. *See Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161, 166-67 (3d Cir. 1998) (concluding that both 28 U.S.C. § 1331 and 42 U.S.C. § 4072 vest district courts with subject matter jurisdiction of such suits).

4

he "may institute" an action in the district court and that the district courts are given "original exclusive jurisdiction" to hear the action without regard to the amount in controversy.

The Appellants argue that Congress's use in § 4072 of the permissive "may" instead of obligatory "must" demonstrates an intention to sustain concurrent jurisdiction. While it is true that some courts have found concurrent jurisdiction because of the use of the permissive "may," *see, e.g.*, *Lane v. Central Bank of Ala., N.A.*, 756 F.2d 814, 817 (11th Cir. 1985), the statutes at issue in such cases did not contain the more potent language contained in this statute: "original exclusive jurisdiction." That difference makes the analysis in those cases inapplicable. In *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823, 110 S.Ct. 1566, 1568-69, the Supreme Court held that the presumption of concurrent jurisdiction was not rebutted by the language of Title VII. That language simply said: "each United States district court ... shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e-5(f)(3). In so holding, the Court suggested the kind of language which would rebut the presumption: "Unlike a number of statutes in which Congress unequivocally stated that the jurisdiction of the federal court is exclusive, Title VII contains no language that expressly confines jurisdiction to federal courts." Id. (footnote omitted). The statutory language in the instant case

5

expressly provides that the jurisdiction of the district court is exclusive.

While Appellants argue that the words "original exclusive jurisdiction" do not rebut the concurrent jurisdiction presumption, we have not found any cases that support this view. In fact, the only cases that we have found that interpret this language held that the language confined jurisdiction to the federal courts. *See, e.g., Mississippi v. Louisiana*, 506 U.S. 73, 77-78, 113 S. Ct. 549, 553 (1992) (examining the constitutional grant of original exclusive jurisdiction to the Supreme Court of actions between states); *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823, 110 S. Ct. 1566, 1568-69 (1990) (contrasting the jurisdictional language in Civil Rights Act with the ERISA statute which contains the words "exclusive jurisdiction" and finding that that language in the latter evidenced a clear rebuttal of the presumption of concurrent jurisdiction); *Hall v. United States Dept. of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996)(discussing exclusive jurisdiction of the Court of Appeals for the Federal Circuit over certain actions for veterans' benefits). Therefore we conclude that the language of the statute rebuts the presumption of concurrent jurisdiction.[3]

---

[3] At oral argument, Appellants cited *American Dredging Co. v. Miller*, 510 U.S. 443, 114 S. Ct. 981 (1994), for its discussion of the language in 28 U.S.C. § 1333(1), the statute that confers jurisdiction in admiralty actions. The statute reads:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

2.  An Unmistakable Implication From Legislative History

Although we need not address the legislative history in light of the explicit

statutory directive and our holding that the "exclusive" language of the statute

rebuts the presumption of concurrent jurisdiction, our review of the legislative

history reinforces our holding.  As originally enacted, § 4072 did not contain the

words "original exclusive" before jurisdiction.[4]  This language was added by

Congress in 1983. *See* Supplemental Appropriations Act, 1984; Domestic Housing

---

> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all
> cases all other remedies to which they are otherwise entitled.

28 U.S.C. 1331 (1993).  The Court discussed its precedent interpreting this language
which held that federal courts had exclusive jurisdiction over *in rem* suits against vessels
but that the "saving to suitors" clause permitted actions in state court that would be
cognizable under state law.  Unlike § 1331(1), § 4072 does not contain an equivalent
"saving to suitors" clause and thus the analysis in *American Dredging* is not pertinent.

[4]     The pre-1983 version of § 4072 provided:

> In the event the program is carried out as provided in section 4071 of this title, the
> Secretary shall be authorized to adjust and make payment of any claims for proved
> and approved losses covered by flood insurance, and upon the disallowance by the
> Director of any such claim, or upon the refusal of the claimant to accept the
> amount allowed upon any such claim, the claimant, within one year after the date
> of mailing of notice of disallowance or partial disallowance by the Director, *may
> institute an action against the Director on such claim in the United States district
> court for the district in which the insured property or the major part thereof shall
> have been situated, and jurisdiction is hereby conferred upon such court to hear
> and determine such action without regard to the amount in controversy*.

42 U.S.C. § 4072 (1982) (emphasis added).  The 1983 amendment added the words
"original exclusive" immediately before the word "jurisdiction" in the last phrase.

and International Recovery and Financial Stability Act, Pub. L. 98-181, §

451(d)(5), 97 Stat. 1229 (1983).  In the accompanying legislative history, Congress

made clear that the adoption of the language was purposeful:

> In the case where the claimant refuses to accept the amount allowed or the claim, the claimant may institute an action on the claim against the company or other insurer within one year after the mailing of the notice of disallowment or partial disallowment in the U.S. district court for the district in which the insured property is situated. *Jurisdiction is conferred on the U.S. district court to hear and determine the action regardless of the amount in controversy.  This section is amended to specify that the U.S. district court has original exclusive jurisdiction over this action.*

*See* Joint Explanatory Statement of the Committee of Conference, *reprinted in*

1983 U.S.S.C.A.N. 1768, 1814 (emphasis added).  The inclusion of the clear

language restricting jurisdiction to the district court, without any qualifying

statements, demonstrates Congress's intent to restrict jurisdiction.

The addition of the language in 1983 is especially convincing in light of the

split that had developed in the federal courts about whether jurisdiction over

actions brought pursuant to NFIP policies was confined to federal courts.

*Compare Bains v. Hartford Fire Insurance Co.*, 440 F. Supp. 15 (N.D. Ga.

1977)(holding that concurrent jurisdiction existed); *Burrell v. Turner Corp. of*

*Oklahoma*, 431 F. Supp. 1018 (N.D. Okla. 1977)(same) *with Schultz v. Director,*

*Federal Emergency Management Agency*, 477 F. Supp. 118 (C.D. Ill. 1979)

8

(holding the same language in the jurisdictional statute for Part A of the NFIP restricted jurisdiction to the federal courts); *Siekman v. Kirk Mortgage Co.*, 548 F. Supp. 50 (E.D. Pa. 1982)(same). Thus it would appear that Congress was responding to the growing split and amended the statute in order to alleviate any further confusion. Because we conclude that both the language of the statute and the legislative history dictate the conclusion that the federal courts have exclusive jurisdiction, we decline to consider the third potential rebuttal factor, the compatibility of state-court jurisdiction and federal interests.

   B. Filing in State Court Will Not Toll the Statute of Limitations

Appellants argue that even if we find that the federal courts have exclusive jurisdiction, the filing of the suit in state court tolled the statute of limitations. In support of this argument, they cite *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S. Ct. 1050 (1965), in which the Court found that a plaintiff who properly filed in state court, but in the wrong venue, tolled the statute of limitations on an action arising under the Federal Employers' Liability Act ("FELA"). In *Burnett*, the plaintiff's initial suit was dismissed for lack of venue, and he later filed in federal court after the statute of limitations had run on the FELA action. The district court dismissed the action. The Supreme Court explained that had the

9

state law permitted transfer of the initial suit to a court with proper venue, the statute would have been tolled. *See id.* at 426, 85 S. Ct. at 1053. From this case, the Appellants argue that because Georgia has such a transfer statute,[5] they should be permitted to toll the statute of limitations by filing in state court.

However, unlike here, the state court in *Burnett* had jurisdiction to hear the claim. Under 45 U.S.C. § 56, FELA's jurisdictional statute, concurrent jurisdiction is specifically reserved. Thus the plaintiff in *Burnett* filed in a court with competent jurisdiction over his claim, albeit not the proper court: "Congress did

---

[5] O.C.G.A. § 9-2-61 Renewal of case after dismissal.

(a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

...

(c) *The provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state.*

Appellants cannot use this statute because they did not dismiss or discontinue the suit. Thus, we do not address the issue of what effect a state statute might have had on our analysis.

not intend the statute of limitation to bar a plaintiff who brings a timely FELA action in a state court of competent jurisdiction ...." *Id*. at 432, 85 S. Ct. at 1057. Here, the Appellants filed in a court that could not hear their claim, so the analogy to *Burnett* fails.

Additionally, this Court has found that *Burnett*'s logic did not apply in a similar situation involving the Death on the High Seas Act, which this court assumed also grants exclusive federal jurisdiction. *See Bailey v. Carnival Cruise Lines, Inc*., 774 F.2d 1577, 1581 (11th Cir. 1985). There, the plaintiff also erroneously filed in state court and argued that this filing tolled the statute of limitations under the doctrine enunciated in *Burnett*. This Court rejected that argument because the act in question, unlike FELA, did not grant concurrent jurisdiction. *Id*.[6] Because § 4072 also does not permit concurrent jurisdiction, we hold that filing in a court without competent jurisdiction did not toll the statute of limitations.

## III. CONCLUSION

We hold that the district court properly held that § 4072 rebuts the

---

[6] The district court in *James v. Auto Owners Insurance Co.*, No. CV498-182, 1998 WL 914241 (S.D. Ga. Dec. 10, 1998), reached the same result for flood insurance cases.

11

presumption of concurrent jurisdiction and thus properly held that the state court did not have jurisdiction of appellants' suit. We also hold that the filing in state court did not toll the statute of limitations.

AFFIRMED.