**Rupert FROEHLICH and Dorothy Froehlich, Plaintiffs,**

v.

**CATAWBA INSURANCE COMPANY, Defendant.**

**No. CIV.A. 98–0031–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

June 18, 1998.

Thomas J. Harrigan, Duvall, Harrigan, Hale & Hassan, Fairfax, VA, for Plaintiffs.

Gerald J. Nielsen, Metairie, LA, Colin J.S. Thomas, Jr., Timberlake, Smith, Thomas & Moses, Staunton, VA, for Defendant.

*MEMORANDUM OPINION*

CRIGLER, United States Magistrate Judge.

This action is before the court on the plaintiffs' May 19, 1998 motion to remand this case to the Circuit Court for Shenandoah County, Virginia wherein it was filed and from which it was removed by the defendant on petition filed on April 9, 1998. Defendant opposes remand on the basis that a federal question is involved in this litigation, and that even if jurisdiction here is not exclusive, this forum is appropriate. The case has been referred to this court under 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B), and for the reasons that follow, an order will enter denying plaintiff's nondispositive motion for remand.

Plaintiffs instituted this action in the Circuit Court of Shenandoah County, Virginia alleging they had secured a write your own (WYO) flood insurance policy from defendant on their premises in Strasburg, Virginia. They further alleged that defendant was duly authorized to issue a WYO policy, and under 44 C.F.R. § 62.23 it is responsible for losses incurred by the plaintiffs as a result of a flood which destroyed their insured home on September 7, 1996.

Defendant sought removal of the case under 28 U.S.C. §§ 1441 and 1446 on the ground that its policy was issued under the National Flood Insurance Act (Act), 42 U.S.C. §§ 4001, *et seq.*, and that this court has exclusive jurisdiction over the case under 42 U.S.C. § 4053. Defendant believes that the jurisdiction of the court is invoked not only under the statute but also because the insurance policy in this case establishes the United States District Court for the district in which the property lies as the exclusive venue for any suit to recover money under the policy. (Policy, Article 9.R). Defendant also believes that even if the court only has concurrent jurisdiction over the federal questions raised in this case, removal, nonetheless, would have been proper.

In support of their motion for remand, plaintiffs principally rely on *Ervinwood Marine, Inc. v. Fireman's Fund Insurance*

*Company,* 750 F.Supp. 278 (N.D.Ohio 1990) and *Zumbrun v. United Services Auto. Association,* 719 F.Supp. 890 (E.D.Cal.1989). They offer that the Act and regulations should be strictly construed, and that the state court is the proper forum to litigate questions arising under WYO policies. However, *Ervinwood* does not address the issue that is before the court. Instead it addresses whether the Federal Emergency Management Agency (FEMA) enjoys sovereign immunity from suit. On the other hand, while *Zumbrun* seemingly stands for the proposition advanced in this case by the plaintiffs that there is concurrent jurisdiction in the federal and state courts over the subject matter of this litigation, remand of this case does not necessarily follow.

If the court begins with the proposition that there is concurrent jurisdiction, then forum selection ordinarily would be left to the plaintiff. Nevertheless, a plaintiff may voluntarily relinquish that unfettered right in a number of ways including contractually. The insurance policy in this case restricts the parties' rights to unilaterally choose a forum for litigation by clearly and unambiguously selecting the United States District Court of the district in which the property is located at the time of the loss as the exclusive original forum to litigate all claims arising under that policy. (Policy, Article 9.R).[1] To the extent that this clause does not violate other controlling statutory or decisional principles or public policy, the court should effectuate the expressed intentions of the parties as embodied in the agreement. *Klockner–Pentaplast of America v. Roth Display Corp.,* 860 F.Supp. 1119 (W.D.Va.1994); *Frontline Test Equipment, Inc. v. Greenleaf Software, Inc.,* Civil Action No. 97–00139–C (W.D.Va. June 3, 1998). Accordingly, if, as is conceded by plaintiffs, the court at least possesses concurrent subject matter jurisdiction, then it should and will enforce the express intent of the parties relating to the selection of venue as expressed as set forth in the clear, unambiguous language of their insurance agreement.

Second, and of equal if not greater significance, this court is of the view that the Act vests exclusive original jurisdiction and venue in the United States District Court for the district in which the property is located at the time of the loss. 42 U.S.C. §§ 4053 and 4072.[2] To this extent this court departs from the view expressed in *Zumbrun* and apparently shared by some other courts, that there is concurrent subject matter jurisdiction with the state courts. *See, e.g., Bains v. Hartford Fire Insurance Company,* 440 F.Supp. 15 (N.D.Ga.1977); *Kelly v. Director, Federal Emergency Management Agency,* 549 F.Supp. 8 (D.Mass.1981); *Harper v. National Flood Insurers Association,* 494 F.Supp. 234 (M.D.Pa.1980). It is true that the relevant statutory provisions specifically state, in part, that review of claims adjustments "may" be instituted in the United States District Court for the district wherein the property is located at the time of the loss. However, plaintiffs' interpretation of the Act, which apparently is shared by the cited courts, takes license with the word "may" in order to draw the inference that Congress intended for there to be concurrent state court jurisdiction over claims like this one. Such an interpretation fails to account for the additional statutory language in both sections of the Act specifically stating that **"original exclusive jurisdiction** is hereby conferred **upon such court** to hear and determine such action without regard to the amount in controversy." *Id.(emphasis added).* The term "original exclusive jurisdiction" certainly cannot be considered ambiguous, and the term "upon such court" could only refer to the United States District Court for the district in which the property is located at the time of the loss.[3] In the absence of controlling authority in the Fourth Circuit to the con-

---

**1.** Article 9.R is more than a simple forum selection clause. It establishes the "Conditions for Filing a Lawsuit" that encompass compliance with policy conditions and fix a period of limitation in which to file suit.

**2.** The court is of the view that this case arises under 42 U.S.C. § 4053 not § 4071.

**3.** This language is reproduced in the very regulations upon which plaintiffs seek to advance their view that the state courts have concurrent jurisdiction over these kinds of cases. 44 C.F.R. § 62.21.

trary, this court believes that the plain language of both the statute and regulations would be violated to hold that the United States District Court for the Western District of Virginia is anything less than the court of exclusive original jurisdiction over this case.[4]

Accordingly, this court concludes that defendant properly removed this case from the Circuit Court of Shenandoah County, Virginia to the United States District Court for the Western District of Virginia, Harrisonburg Division. Plaintiffs' motion to remand should be and, by separate order, will be DENIED.

## ORDER

For the reasons stated in the Memorandum Opinion of even date, it is

## ORDERED

that the motion to remand is hereby DENIED.

---

4. There are good reasons for reposing exclusive original jurisdiction in the federal courts. These include the fact that disbursements under the program come out of the federal fisc and the need for uniform application of federal domestic policies. Even those cases which recognize concurrent jurisdiction seem also to concede that federal law applies in every respect, including to the interpretation of the insurance contract.