**Gary MASONER and Joann Masoner, husband and wife, Plaintiffs,**

v.

**FIRST COMMUNITY INSURANCE COMPANY, Defendant.**

**No. CV 99–0422–S–MHW.**

United States District Court, D. Idaho.

Jan. 13, 2000.

Kenneth L. Pedersen, Bradley E. Rice, Attorney at Law, Twin Falls, ID, for Plaintiffs.

Robert T. Wetherell, Brassey, Wetherell, Crawford & McCurdy, Boise, ID, Gerald J. Nielsen, Nielsen Law Firm, Metairie, LA, for Defendant.

**ORDER**

WILLIAMS, Chief United States Magistrate Judge.

Currently pending before the Court its consideration is Plaintiffs' Motion to Remand Back to State Court (Docket # 4), filed October 20, 1999. On November 18, 1999, the Court conducted a telephonic hearing on the motion with counsel for both parties participating. The Court has considered the arguments of counsel and has fully reviewed the legal briefing and is now prepared to rule on the motion as follows.

**I. Background**

This action arises out of the alleged bad faith failure of a private insurance compa-

ny to properly adjust and pay a claim for property damage under the terms of a Standard Flood Insurance Policy. In February, 1997, Plaintiffs Gary and JoAnn Masoner purchased flood insurance from the Defendant, First Community Insurance Company ("FCIC"). The policy was a Standard Flood Insurance Policy issued pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended, 42 U.S.C. § 4001 *et seq.*, and the applicable federal regulations contained in Title 44 of the Code of Federal Regulations. (*See* Rice Affidavit, Exhibit 2).

On June 10, 1997, while Plaintiffs' flood insurance policy was in force, Plaintiffs' home and shop were damaged by flood water from the Snake River. Plaintiffs contacted FCIC regarding the loss and provided FCIC's adjuster with documentation regarding proof of loss. Several months elapsed and FCIC refused to settle the claim, informing Plaintiffs that the documentation they had submitted was deficient. On December 28, 1997, Plaintiffs resubmitted their proof of loss documents with the requested corrections. Thereafter, FCIC provided Plaintiffs with an estimate of damage and requested that the Plaintiffs sign a statement acknowledging that FCIC's estimate represented the full amount of damage. However, Plaintiffs rejected FCIC's estimate and demanded arbitration to settle the claim. On October 6, 1998, an arbitration hearing was held, and Plaintiffs were granted an award. On October 16, 1998, following a demand for payment by the Plaintiffs, FCIC paid Plaintiffs $145,237.59.

Plaintiffs filed the instant action in state court on or about August 6, 1999. The Complaint contains four causes of action. Count One alleges that FCIC acted in bad faith by (1) unreasonably delaying and denying Plaintiffs insurance benefits; and (2) engaging in underwriting and adjusting practices designed to deprive Plaintiffs of the benefits owed to them under the insurance policy. Count Two alleges that FCIC's refusal to pay benefits under the

policy amounted to a breach of contract. Count Three alleges that FCIC never intended to pay Plaintiffs benefits under the policy and that as such, FCIC's actions amounted to fraud. Finally, Count Four alleges that Plaintiffs are entitled to reasonable attorneys fees incurred in prosecuting this action.

On September 20, 1999, Defendant removed the case to the United States District Court for the District of Idaho on the grounds that this Court has subject matter jurisdiction over the claims contained in Plaintiffs' Complaint under both federal question and diversity jurisdiction. The action is presently before the Court on Plaintiffs' Motion to Remand.

## II. Motion to Remand

Plaintiffs move, pursuant to 28 U.S.C. § 1447(c), for an order remanding this case to the state court in which it was originally filed. Plaintiffs contend that remand is appropriate because this Court lacks subject matter jurisdiction to entertain Plaintiffs' claims. Specifically, Plaintiffs argue that Defendant has failed to establish that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because there has been no showing that the amount in controversy meets or exceeds $75,000. Plaintiffs also contend that federal question jurisdiction is lacking because the claims contained in the Complaint do not raise questions of federal law. If the Court concludes that Plaintiffs' Complaint does raise questions of federal law, it will not be necessary to also determine if the requisite jurisdictional amount is alleged in the action. Therefore, the Court will first address whether removal can be sustained on federal question grounds.

In its Notice of Removal (Docket # 1), Defendant has asserted two bases on which this Court has federal question jurisdiction over Plaintiffs' Claims. First, Defendant alleges that Plaintiffs' claims for damages arise out of a Standard Flood Insurance Policy issued by FCIC as part of its participation in the National Flood Insurance Program and are therefore gov-

erned by the provisions of the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.* As such Defendant asserts that this Court has original exclusive jurisdiction over the claims pursuant to 42 U.S.C. § 4072. Next, Defendant contends that the Standard Flood Insurance Policy issued to Plaintiffs by FCIC is in itself a federal law, codified at 44 C.F.R. Pt. 61, App. A–1. According to Defendant, interpretation of that policy and the scope of the coverage provided thereunder, will necessarily require the interpretation of a federal law. Thus, Defendant asserts that federal question jurisdiction exists under 28 U.S.C. § 1331. However, Plaintiff disputes Defendant's assertions and argues that neither 42 U.S.C. § 4072 nor the federal regulations provide any basis for jurisdiction under the facts of this case.

42 U.S.C. § 4072 provides:

In the event the [National Flood Insurance Program] is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072. Plaintiffs acknowledge that this statute confers exclusive jurisdiction upon the federal courts to hear claims arising out of flood insurance policies issued pursuant to the National Flood Insurance Program in the event that the Program is assumed by the federal government. *See* 42 U.S.C. § 4071 (providing for the assumption of the National Flood Insurance Program by the federal government). However, Plaintiffs argue that this statute is inapplicable to the case at bar because Plaintiffs "do not believe" that the federal government ever assumed their flood insurance or that the Director ever made any decision regarding the allowance of Plaintiffs' claim under their insurance policy.

Furthermore, Plaintiffs argue that the Standard Flood Insurance Policy issued to them by FCIC in this case differs from the Standard Flood Insurance Policy codified at 44 C.F.R. Pt. 61, App. A–1, and is therefore not a federal law in and of itself as Defendant contends. Specifically, Plaintiffs note that their insurance policy names FCIC as insurer whereas the federal policy names the Federal Emergency Management Agency ("FEMA") as insurer. Relying on this difference, Plaintiffs contend that the claims arising out of their Standard Insurance Policy do not present questions of federal law. However, this difference is of little consequence with respect to whether this Court has jurisdiction to hear Plaintiffs' claims; for as Defendant points out, the insurance policy out of which Plaintiffs' claims arise clearly states that it is a Standard Flood Insurance Policy issued Pursuant to the National Flood Insurance Act of 1968, as amended, and applicable regulations in Title 44 of the Code of Federal Regulations. Thus, the Court must look to those provisions and corresponding case law to determine whether jurisdiction is proper in this case.

In 1968, Congress established the National Flood Insurance Program for the dual purposes of spreading the risk of flood loss among private insurers and the federal government and of "making flood insurance coverage available on reasonable terms and conditions to persons who have need for such protection." 42 U.S.C. § 4001(a). *See also, Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998) ("Congress established the National Flood In-

surance Program to provide insurance coverage at or below actuarial rates."). The Program was originally administered under Part A of the National Flood Insurance Act by a pool of private insurance companies pursuant to a contract with the United States Department of Housing and Urban Development ("HUD"). *See* 42 U.S.C. §§ 4051–53; *Van Holt v. Liberty Mutual Fire Insurance Company*, 163 F.3d 161, 165 (3rd Cir.1998). However, on January 1, 1978, HUD ended this contractual arrangement and assumed administration of the Program pursuant to Part B of the National Flood Insurance Act, 42 U.S.C. § 4071. *Van Holt*, 163 F.3d at 165. The program is currently operated by the Federal Emergency Management Agency ("FEMA") and receives financial support through the National Flood Insurance Fund in the United States Treasury. 42 U.S.C. § 4017(d); *Gowland*, 143 F.3d at 953. Thus, despite Plaintiffs' assertions to the contrary, the federal government has assumed administration of the National Flood Insurance Program as contemplated by 42 U.S.C. § 4071.

FEMA is authorized under 42 U.S.C. § 4071(a) to "undertake any necessary arrangements to carry out the program of flood insurance" and to utilize private insurance companies and other insurers for purposes of providing flood insurance coverage. In 1983, FEMA exercised its regulatory authority and created the "Write Your Own" ("WYO") program. 44 C.F.R. § 62.23. Under this program, private insurance companies are authorized to issue Standard Flood Insurance Policies in their own names. 44 C.F.R. §§ 61.13(f), 62.23(a). "By statute, these WYO companies are fiscal agents of the United States." *Gowland*, 143 F.3d at 953 (citing 42 U.S.C. § 4071). Thus, any flood insurance premiums collected by the WYO companies, except funds necessary to meet current expenditures (currently limited to $5,000), must be remitted to the Flood Insurance Administration for deposit in the National Flood Insurance Fund in the United States Treasury. 42 U.S.C.

§ 4017(d); 44 C.F.R. Pt. 62, App. A., Art. VII(B). Once the WYO companies' net premium income is depleted, they pay claims by drawing money from FEMA through letters of credit. 44 C.F.R. Pt. 62, App. A, Art. IV(A); *Van Holt* 163 F.3d at 165. "Thus, regardless whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insureds' claims." *Van Holt*, 163 F.3d at 165 (citations omitted). *See also, Gowland*, 143 F.3d at 955 (recognizing that payments made by a WYO insurance company pursuant to a Standard Flood Insurance Policy are "a direct charge on the public treasury.").

In this case, Defendant has explained that FCIC is a WYO Program carrier participating in the National Flood Insurance Program as authorized by § 4071 of the National Flood Insurance Act and by the FEMA implementing regulations at 44 C.F.R. § 62.23, *et seq.* Furthermore, Defendant contends that the policy at issue is the Standard Flood Insurance Policy promulgated by FEMA and found at 44 C.F.R. Pt. 61, App. A–1. A simple comparison of the two documents reveals that this is the case. Although FCIC substituted its name for that of FEMA as the Insurer, it was expressly authorized to do so by 44 C.F.R. § 61.13. That provision states as follows:

> In the case of any Standard Flood Insurance Policy, and its related forms, issued by a WYO Company, wherever the names 'Federal Emergency Management Agency' and 'Federal Insurance Administration' appear, the WYO Company is authorized to substitute its own name therefor.

*Id.* Thus, the fact that FEMA's name does not appear on Plaintiffs' Standard Flood Insurance Policy does not necessitate a finding that Plaintiffs' policy and the claims thereunder do not present questions of federal law. On the contrary, it has long been held that federal law controls disputes arising out of insurance poli-

cies issued pursuant to the National Flood Insurance Act. *See West v. Harris,* 573 F.2d 873, 881–82 (5th Cir.1978) ("Congress has undertaken to establish a comprehensive flood insurance program ... to achieve policies national in scope, and the interest in uniformity of decisions compels the application of federal law."). The Ninth Circuit is in accord. *See McHugh v. United Service Automobile Association,* 164 F.3d 451, 454 (9th Cir.1999) (holding that federal law governs Standard Flood Insurance Policies issued pursuant to the National Flood Insurance Program); *Wagner v. Director, Federal Emergency Management Agency,* 847 F.2d 515, 518 (9th Cir.1988) (holding that the procedural requirements of a Standard Flood Insurance Policy must be strictly construed as they "constitute conditions precedent to a waiver by the federal government of its sovereign immunity, conditions that define our jurisdiction."). Thus, the Court agrees with Defendant that to the extent that Plaintiffs' claims will require interpretation of the terms of Plaintiffs' Standard Flood Insurance Policy, the claims present questions of federal law sufficient to establish jurisdiction for purposes of 28 U.S.C. § 1331.

The Court also agrees with Defendant that this Court actually has exclusive jurisdiction over Plaintiffs' claims by reason of 42 U.S.C. § 4072. The Ninth Circuit has not directly addressed the question of whether the exclusive jurisdiction provision of § 4072 applies to claims arising under Standard Flood Insurance Policies issued by WYO insurance companies. However, as Defendant points out, every other court to have addressed the issue has determined that the statute does apply.[1] *See e.g., Van Holt,* 163 F.3d at 166 (holding that "a suit against a WYO company is the functional equivalent of a suit

against FEMA."); *Spence v. Omaha Indemnity Insurance Company,* 996 F.2d 793, 795 (5th Cir.1993) (holding that breach of contract claim brought by insureds against WYO company was governed by procedural requirements of § 4072); *Froehlich v. Catawba Insurance Company,* 10 F.Supp.2d 597, (W.D.Va. 1998) (holding that § 4072 vests federal courts with exclusive original jurisdiction over claims arising out of policy issued by WYO company pursuant to the National Flood Insurance Act). As the Third Circuit stated in *Van Holt,* such a determination is justified on several grounds:

> First, a WYO company is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). Second, FEMA regulations require a WYO company to defend claims but assure that FEMA will reimburse the WYO company for defense costs. 44 C.F.R. § 62.23(i)(6). Third, an insured's flood insurance claims are ultimately paid by FEMA. After a WYO company depletes its net premium income, FEMA reimburses the company for the company's claims payments. 44 C.F.R. Pt. 62, App. A, Art. IV(A). When a WYO company's proceeds from insurance premiums exceeds its current expenditures, it must pay the excess proceeds to the [Federal Insurance Administration]. 44 C.F.R. Pt. 62, App. A., Art. VII(B). Although a WYO company collects premiums and disburses claims, only FEMA bears the risk under the flood insurance program. Thus, a lawsuit against a WYO company is, in reality, a suit against FEMA.

*Van Holt,* 163 F.3d at 166–67. Although the Court is not bound by *Van Holt,* the reasoning therein is nevertheless persuasive, for it is clear that FEMA would

---

1. In fact, FEMA itself takes the position that § 4072 applies to suits against WYO companies. *See* Defendant's Memorandum in Opposition to Motion to Remand (Docket # 6), Exhibit "A." As FEMA is the agency charged with administering the National Flood Insurance Program, its reasonable interpretation of

statutory provisions thereunder is entitled to substantial deference from this Court. *Smiley v. Citibank,* 517 U.S. 735, 739, 116 S.Ct. 1730, 1732–33, 135 L.Ed.2d 25 (1996); *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984).

ultimately be responsible for any judgment against FCIC in this case.[2] Thus, absent any compelling authority to the contrary, the Court finds that § 4072 vests this court with exclusive jurisdiction over Plaintiffs' claims.[3]

Defendant also raises constitutional arguments in support of its position that jurisdiction is proper in this court. However, the Court finds it unnecessary to reach the merits of these arguments as 42 U.S.C. § 4072(a) provides a basis for exclusive jurisdiction in this case. Plaintiffs' arguments to the contrary lack merit. Therefore, Plaintiffs' Motion for Remand will be denied.

### ORDER

Based upon the foregoing, the Court being fully advised in the premises, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (Docket # 4) is DENIED.

**2.** Plaintiffs are challenging the methods by which FCIC adjusted their claim under the terms of a Standard Insurance Policy. However, the methods by which their claim was adjusted were actually methods prescribed by FEMA and incorporated into the terms of the Standard Flood Insurance Policy. 42 U.S.C. § 4019. As a WYO program carrier, FCIC was bound to strictly construe and enforce those provisions. *Gowland*, 143 F.3d at 953. Thus, any judgment against FCIC with respect to this issue would essentially be one against FEMA.

**3.** At the hearing, Plaintiffs' counsel argued for the first time that the McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015, saves Plaintiffs' state law claims from federal preemption. However, this argument ignores § 102(b) of that Act, which provides as follows:

> No Act of Congress shall be construed to invalidate, impair, or ˙supersede any law enacted by any State for the purpose of regulating the business of insurance, or

which imposes a fee or tax upon such business, *unless such Act specifically relates to the business of insurance* . . . .

15 U.S.C. § 1012(b) (emphasis added). In this case, through the enactment of the National Flood Insurance Act, Congress has expressly authorized FEMA, an agency of the federal government, to regulate the business of flood insurance, including the methods by which claims are adjusted and paid for any damage to or loss of property covered by a Standard Flood Insurance Policy. 42 U.S.C. § 4019. Thus, despite Plaintiffs' assertions to the contrary, the McCarran–Ferguson Act's savings clause does not preclude the application of the provisions of the National Flood Insurance Act in this case. *See Humana Inc. v. Forsyth*, 525 U.S. 299, 299, 119 S.Ct. 710, 716, 142 L.Ed.2d 753 (1999) ("The McCarran—Ferguson Act . . . precludes application of a federal statute in the face of state law 'enacted . . . for the purpose of regulating the business of insurance,' if the federal measure does not 'specifically relat[e] to the business of insurance . . . .' ").