Ashraf A. **JAMAL**, Plaintiff,

v.

**TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY and Travelers Property And Casualty Insurance Company, Defendants.**

**No. CIV.A. H–99–4369.**

United States District Court,
S.D. Texas,
Houston Division.

May 30, 2000.

Allan G. Levine, Allan G. Levine and Associates, Houston, TX, for Ashraf A. Jamal, plaintiff.

Nicholas E. Zito, Markle Ramos et al., Houston, Laurence E. Boyd, Gilbert, Gilbert & Boyd, Angleton, Gerald J. Nielsen, Nielson Law Firm, Metarie, LA, for Travelers Lloyds of Texas Insurance Company, Travelers Property and Casualty Insurance Company, defendants.

## MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

### I. *Introduction*

Pending before the court is Plaintiff Ashraf A. Jamal's ("Jamal") Motion to Re-

mand (# 10). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Jamal's position is without merit.

## II. *Background*

On October 29, 1999, Jamal brought suit in the 113th Judicial District Court of Harris County, Texas, against Defendants Travelers Lloyds of Texas Insurance Company ("Lloyds") and Travelers Property and Casualty Insurance Company ("TPCIC") for property damages allegedly sustained as a result of rainstorms and flooding during Tropical Storm Frances on September 10 and 11, 1998. Jamal asserts claims for breach of contract, breach of the duty of good faith and fair dealing, and violation of Articles 21.21 and 21.55 of the Texas Insurance Code based on homeowners' and flood insurance policies issued through Defendants' purported agent, Holt & Hochman Insurance Agency. On December 15, 1999, TPCIC, with Lloyd's consent, removed the case to federal court on the basis of federal question jurisdiction, contending that Jamal's action includes a separate and independent claim for federal funds for damages resulting from flood, pursuant to a Standard Flood Insurance Policy ("SFIP") issued to Jamal by TPCIC as a participant in the National Flood Insurance Program ("NFIP"). TPCIC maintains that Jamal's claims under the SFIP are governed by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001–4129, and that, pursuant to 42 U.S.C. § 4072, this court has original exclusive jurisdiction over these claims. On January 14, 2000, Jamal filed a motion to remand the case to state court, claiming that, on the face of the complaint, he has made no allegations regarding the NFIA, and that, even if such allegations were properly before the court, the NFIA does not preempt state law claims and any interpretation of the NFIA is, at best, tangential to the outcome of this case.

## III. *Analysis*

In a removal action, a district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). When the jurisdiction of the court is challenged, the party seeking to invoke federal jurisdiction has the burden of establishing the existence of subject matter jurisdiction. *See Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir.1997); *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 563 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). "The federal removal statute ... is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank*, 128 F.3d at 922; *see* 28 U.S.C. § 1441. "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank*, 128 F.3d at 922. "Absent diversity of citizenship, removal is appropriate only for those claims within the federal question jurisdiction of the district courts." *Id.*; *see* 28 U.S.C. § 1331. "Federal question jurisdiction extends to 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Frank*, 128 F.3d at 922 (quoting 28 U.S.C. § 1331).

"Under the 'well pleaded complaint' rule, ... a movant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law." *Id.*; *see Newton v. Capital Assur. Co.*, 209 F.3d 1302, 1304 (11th Cir.2000). "Courts will, however, typically look beyond the face of the complaint to determine whether removal is proper." *Frank*, 128 F.3d at 922

(citing *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir.1976)); *see Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955, 113 S.Ct. 413, 121 L.Ed.2d 337 (1992). "A federal court may find that a plaintiff's claims arise under federal law even though the plaintiff has not characterized them as federal claims." *Frank*, 128 F.3d at 922 (citing *Aquafaith Shipping, Ltd.*, 963 F.2d at 808; *Uncle Ben's Int'l Div. of Uncle Ben's, Inc. v. Hapag–Lloyd Aktiengesellschaft*, 855 F.2d 215, 217 (5th Cir.1988)). "Federal question jurisdiction under section 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)); *accord Newton*, 209 F.3d at 1304.

Here, Jamal has alleged claims arising out of a flood insurance policy issued by TPCIC. "The National Flood Insurance Act of 1968 established a national flood insurance program that enables property owners to purchase insurance against flood risks at reasonable rates." *Hanover Bldg. Materials, Inc. v. Guiffrida*, 748 F.2d 1011, 1012 (5th Cir.1984); *see* 42 U.S.C. §§ 4001(a), (c), 4002(b); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 387 (9th Cir.2000); *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir.1998); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998); *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 156 (5th Cir. 1981); *West v. Harris*, 573 F.2d 873, 880 (5th Cir.1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979). The program is currently operated by the Federal Emergency Management Agency ("FEMA"), which is authorized by statute to control the payment or disallowance of all flood insurance claims. *See Flick*, 205 F.3d at 389; *Van Holt*, 163 F.3d at 165; *Gowland*, 143 F.3d at 953; *Berger v. Pierce*, 933 F.2d 393, 395 (6th Cir.1991); *Sandia Oil Co. v. Beckton*, 889 F.2d 258, 259 (10th Cir.1989); *Gibson v. American Bankers Ins. Co.*, 91 F.Supp.2d 1037, 1041 (E.D.Ky.2000). "The Act authorizes the Director of [FEMA] to 'provide by regulation for general terms and conditions of insurability which shall be applicable to property owners eligible for flood insurance coverage under [the Act].'" *Hanover Bldg. Materials, Inc.*, 748 F.2d at 1012 (quoting 42 U.S.C. § 4013(a)). FEMA, by regulation, promulgated the SFIP and provided for marketing and claims adjustment by private insurers operating as "Write–Your–Own" ("WYO") companies, which issue SFIPs in their own names. *See Flick*, 205 F.3d at 389; *Gowland*, 143 F.3d at 953; *Gibson*, 91 F.Supp.2d at 1041; *Masoner v. First Community Ins. Co.*, 81 F.Supp.2d 1052, 1055 (D.Idaho 2000); *3608 Sounds Ave. Condominium Ass'n v. South Carolina Ins. Co.*, 58 F.Supp.2d 499, 502 (D.N.J.1999); *Parsons Footwear, Inc. v. Omaha Property & Cas. Co.*, 19 F.Supp.2d 588, 589 (N.D.W.Va.1998); *see also* 44 C.F.R. §§ 61.13(f), 62.23(a).

As stated in the affidavit of Ken Montague ("Montague"), the claims manager for Electronic Data Systems, the company which oversees the operations of and processes all claims on TPCIC-issued SFIPs, TPCIC is a WYO carrier participating in the NFIP pursuant to the NFIA. The WYO program was created by FEMA in accordance with its authorization by the NFIA to "undertake any necessary arrangements to carry out the program of flood insurance" and to utilize private insurance companies to assist in marketing flood insurance coverage. 42 U.S.C. § 4071(a); *see* 44 C.F.R. §§ 61.13(f), 62.23; *Newton*, 209 F.3d at 1303; *Flick*, 205 F.3d at 389; *Van Holt*, 163 F.3d at 165; *Masoner*, 81 F.Supp.2d at 1055; *Parsons Footwear, Inc.*, 19 F.Supp.2d at 589. While WYO carriers may issue SFIPs in their own names, they may not alter any substantive provisions of the SFIP without the written consent of the Federal Insurance Administrator. *See* 44 C.F.R.

§ 62.23(c); *Flick,* 205 F.3d at 389; *Van Holt,* 163 F.3d at 165–66; *Gowland,* 143 F.3d at 953; *Spence v. Omaha Indem. Ins. Co.,* 996 F.2d 793, 795 (5th Cir.1993); *Gibson,* 91 F.Supp.2d at 1041; *Parsons Footwear, Inc.,* 19 F.Supp.2d at 590. "By statute, these [WYO] companies are fiscal agents of the United States." *Gowland,* 143 F.3d at 953; *see* 42 U.S.C. § 4071; *Van Holt,* 163 F.3d at 165; *Masoner,* 81 F.Supp.2d at 1055; *3608 Sounds Ave. Condominium Ass'n,* 58 F.Supp.2d at 502. Payments made by a WYO carrier under a SFIP are a direct charge on the United States Treasury. *See* 42 U.S.C. § 4017(d); 44 C.F.R. Pt. 62, App. A., Art. IV(A), VII(B); *Flick,* 205 F.3d at 391–92; *Van Holt,* 163 F.3d at 165; *Gowland,* 143 F.3d at 953; *Masoner,* 81 F.Supp.2d at 1055; *3608 Sounds Ave. Condominium Ass'n,* 58 F.Supp.2d at 502; *Parsons Footwear, Inc.,* 19 F.Supp.2d at 590.

■ Montague's affidavit confirms that the flood insurance policy issued by TPCIC to Jamal is the standard SFIP promulgated under the NFIA. It is well recognized that "[f]ederal law governs disputes over coverage arising under the National Flood Insurance Act of 1968." *Hanover Bldg. Materials, Inc.,* 748 F.2d at 1013; *see Newton,* 209 F.3d at 1304–05; *Flick,* 205 F.3d at 390; *McHugh v. United Servs. Auto. Ass'n,* 164 F.3d 451, 454 (9th Cir. 1999); *Leland v. Federal Ins. Adm'r,* 934 F.2d 524, 529 (4th Cir.), *cert. denied,* 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991); *Sodowski v. National Flood Ins. Program,* 834 F.2d 653, 655 (7th Cir.1987), *cert. denied,* 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 619 (1988); *West,* 573 F.2d at 881–82. "When such disputes arise, they are resolved under federal law 'by drawing upon standard insurance law principles.' " *Hanover Bldg. Materials, Inc.,* 748 F.2d at 1013 (quoting *West,* 573 F.2d at 881); *accord Flick,* 205 F.3d at 390. "Congress has undertaken to establish a comprehensive flood insurance program ... to achieve policies national in scope, and the interest in uniformity of decisions compels the application of federal law." *West,* 573 F.2d at 881–82; *see Flick,* 205 F.3d at 390; *Parsons Footwear, Inc.,* 19 F.Supp.2d at 590. In fact, the SFIP itself, found in the regulations promulgated by FEMA, provides:

### Article 11—What Law Governs

This *policy* is governed by the *flood* insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*) and Federal common law.

44 C.F.R. pt.61, App. A(1), Art. 11. The SFIP further specifies the requirements for bringing suit:

R. *Conditions for Filing a Lawsuit:* You may not sue us to recover money under this *policy* unless you have complied with all the requirements of the *policy.* If you do sue, you must start the suit within 12 months from the date we mailed you notice that we have denied your claim, or part of your claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss.

44 C.F.R. pt. 61, App. A(1), Art. 9(R).

■ In this instance, "[t]he meaning and effect of the insurance contract depends on the meaning and effect of the regulations, and the statute authorizing and directing the regulations and defining the coverage." *Berger,* 933 F.2d at 397. "Federal law has long recognized that an insured must comply strictly with the terms and conditions of a federal insurance policy." *Flick,* 205 F.3d at 390 (citing *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384–85, 68 S.Ct. 1, 92 L.Ed. 10 (1947)). As a consequence, "case-law clearly indicates that federal common and statutory law preempts state principles of contract law for purposes of the interpretation of policies issued pursuant to the National Flood Insurance Act of 1968." *Friedman v. South Carolina Ins. Co.,* 855 F.Supp. 348, 350 (M.D.Fla.1994). Significantly, in an affidavit submitted by TPCIC

in support of its position, Larry Dunbar, Manager of the Homeowners Division of the Texas Department of Insurance ("TDI"), states:

> I am aware that the TDI does not regulate the SFIP under the National Flood Insurance Program.... Further, I am aware that it is the TDI's position that the provisions of the Texas Insurance Code do not apply to an insurer issuing a SFIP under the National Flood Insurance Program.

Thus, to the extent that Jamal's claims are based on or involve the interpretation of the SFIP, they present questions of federal law sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331.

Indeed, pursuant to statute, this court has exclusive jurisdiction over Jamal's flood insurance claims. The NFIA provides:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, *may institute an action* against the Director on such claim *in the United States district court* for the district in which the insured property or the major part thereof shall have been situated, and *original exclusive jurisdiction is hereby conferred upon such court* to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added). Thus, "[j]urisdiction over such claims against the Program is exclusively federal." *Smith v. National Flood Ins. Program*, 796 F.2d 90, 92 (5th Cir.1986); *see Beckton*, 889 F.2d at 262. The majority of courts addressing the issue have determined that § 4072 also applies to claims arising under

SFIPs issued by WYO insurance companies. *See Flick*, 205 F.3d at 390 n. 4; *Van Holt*, 163 F.3d at 166–67; *Spence*, 996 F.2d at 795; *State Bank of Coloma v. National Flood Ins. Program*, 851 F.2d 817, 819 (6th Cir.1988); *Gibson*, 91 F.Supp.2d at 1042; *Masoner*, 81 F.Supp.2d at 1056; *Parsons Footwear, Inc.*, 19 F.Supp.2d at 591; *Froehlich v. Catawba Ins. Co.*, 10 F.Supp.2d 597, 598–99 (W.D.Va.1998); *Webb v. Aetna Ins. Co.*, No. CIV. A. 97-0550, 1997 WL 433500, at *3 (E.D.La. July 31, 1997). In fact, FEMA has taken the position that § 4072 applies to policies issued by WYO companies. *See Masoner*, 81 F.Supp.2d at 1056 n. 1. "As FEMA is the agency charged with administering the National Flood Insurance Program, its reasonable interpretation of statutory provisions thereunder is entitled to substantial deference from this court." *Id.* (citing *Smiley v. Citibank*, 517 U.S. 735, 739, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996); *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). Therefore, "it is well established that Congress has clearly revoked jurisdiction from the state courts for all claim disputes arising from SFIPs issued under the NFIA." *Gibson*, 91 F.Supp.2d at 1044.

Although the parties have not briefed this issue, the court recognizes that its jurisdiction extends to Jamal's claims under the homeowners' policy, as well. The United States Supreme Court "has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.'" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164–65, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (quoting *United Mine Workers of Am. v.*

*Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); *see Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 387, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *Copling v. Container Store, Inc.,* 174 F.3d 590, 594 (5th Cir.1999). "Congress has codified those principles in the supplemental jurisdiction statute, which combines the doctrines of pendent and ancillary jurisdiction under a common heading." *International College of Surgeons,* 522 U.S. at 165, 118 S.Ct. 523. The supplemental jurisdiction statute provides:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "That provision applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts have original jurisdiction.'" *International College of Surgeons,* 522 U.S. at 165, 118 S.Ct. 523 (quoting 28 U.S.C. § 1367(a)). "'When the grant of jurisdiction to a federal court is exclusive, ... the argument of judicial economy and convenience can be coupled with the additional argument that only in federal court may all of the claims be tried together.'" *Smith,* 796 F.2d at 92 (quoting *Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), *overruled on other grounds,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

Here, Jamal's claims under the two policies are factually intertwined, as they both seek recovery for damages allegedly sustained as a result of identical meteorological events and similar conduct of the defendants. Indeed, Jamal made little attempt to differentiate between the two policies when drafting his complaint. Hence, as jurisdiction over Jamal's flood insurance claims is exclusively federal and his claims under the homeowners' insurance policy arise out of the same nucleus of operative facts as his claims under the flood insurance policy, it is logical to try these claims together. *See id.; see also International College of Surgeons,* 522 U.S. at 165, 118 S.Ct. 523.

## IV. *Conclusion*

Jamal's action is based, in part, on a federal flood insurance policy, the SFIP, which necessarily implicates questions of federal law. Moreover, pursuant to statute, federal courts have exclusive jurisdiction over disputes arising under SFIPs, and, thus, jurisdiction is lacking in state court. This court also has supplemental jurisdiction over Jamal's claims under his homeowners' insurance policy. Accordingly, this case was properly removed, as it falls within the court's jurisdiction over matters involving questions of federal law under 28 U.S.C. § 1331 as well as the court's exclusive jurisdiction under 42 U.S.C. § 4072. Hence, remand is not warranted.

Accordingly, Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.