786 So.2d 616 (2001)
SEIBELS BRUCE INSURANCE COMPANIES, a foreign corporation and Catawaba Insurance Company, a foreign corporation, Appellants,
v.
DEVILLE CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 1D00-328.
District Court of Appeal of Florida, First District.
April 26, 2001.
Rehearing Denied June 5, 2001.
*617 John A. Unzicker, Jr. of Vernis & Bowling of NW Florida, P.A., Attorney, Pensacola, for Appellant.
J. Nixon Daniel, III; Thomas F. Gonzalez of Beggs & Lane, Attorneys, Pensacola, for Appellee.
LEWIS, J.

I. INTRODUCTION
We have for review a final judgment of negligence and an award of damages to Appellee, Deville Condominium Association, Inc. Appellants, Seibels Bruce Insurance Companies, Inc. and Catawba Insurance Company, insured Appellee against flood loss under the National Flood Insurance Program (NFIP).[1] Appellee sued Appellants for negligence and breach of contract alleging failure to procure and write maximum flood insurance coverage under the NFIP. Appellants raise two issues on appeal. The first issue is whether, under the National Flood Insurance Act (NFIA), the lower court had subject-matter jurisdiction over the Appellee's action. Since this first issue is dispositive of the appeal, we need not consider the second issue. We conclude, in this matter of first impression for any Florida appellate court, that based on the provision of the NFIA granting "original exclusive jurisdiction" to the federal courts to hear claims arising out of NFIA flood insurance policies, the lower court lacked subject-matter jurisdiction over the Appellee's action. Therefore, we VACATE the final judgment below and REMAND this cause with directions to enter a final order of dismissal for lack of subject-matter jurisdiction.

II. FACTS AND PROCEDURAL BACKGROUND
The facts of this case are undisputed. In 1993, Hugh Norton d/b/a Norton Insurance of Florida, an independent insurance agent, procured flood insurance for Appellee. Appellee's condominium consisted of two buildings with approximately twenty-two units. The flood insurance policy, originally written with Aetna, insured Deville for the maximum insurance coverage at that time, $250,000 per building for two buildings. The insurance policy declarations page indicated that Deville consisted of two to four family dwellings.
Aetna transferred all of its flood insurance policies to Appellants. Seibels Bruce is a holding company and Catawba is a related insurance carrier. Catawba is considered to be a "Write Your Own" (WYO) Program carrier.[2] Based on information received from Aetna and Norton, Appellants wrote a flood policy for Deville on a "two to four family dwelling" form, not on *618 a condominium form, with a maximum coverage of $250,000 per building.
In 1994, federal flood insurance regulations increased the maximum coverage for residential condominiums from $250,000 per building to $250,000 per unit or $10,000,000 per building whichever was lower. Seibels Bruce issued a notice of non-renewal of all condominium policies. This notice was sent to Deville's insurance agent, Norton, in order for Norton to determine the appropriate coverage for his condominium clients under the new coverage limits. Norton did not prepare or send any information to Appellants for an update to Appellee's policy, and Appellants did not update Appellee's policy.
In 1995, Appellee suffered substantial damage from Hurricane Opal. Appellee filed a claim for the policy limit maximum of $250,000 for each building. During the claims process, Seibels Bruce learned that the covered property was a condominium, not a two to four family residence, as reflected in the policy. Under the NFIP, the Federal Emergency Management Agency (FEMA) is responsible for determining how losses from a hurricane are to be paid out. In this case, FEMA required Seibels Bruce to adjust Appellee's claim as if the policy had been written on the condominium form. However, FEMA allowed no adjustment to effect an increase in coverage. As a result, because there are coinsurance provisions applicable when a building is not insured for the maximum, Appellee was paid just over half of $250,000 per building.
Appellee initially filed a two-count complaint against Norton and Appellants. Count I claimed that Norton had been negligent in procuring flood insurance coverage under the NFIP for Appellee. Count II was a breach of contract claim against Appellants. In response, Appellants filed a notice of removal to federal court. Appellee then filed for remand to state court. Remand was subsequently granted.[3] During this time, Norton settled with Appellee and was dismissed as a party. Thereafter, Count III was filed alleging negligence of Appellants for failure to write maximum flood insurance coverage under the NFIP on the proper forms. On March 5, 1999, Appellants filed their Motion for Summary Judgment with an alternative Motion to Dismiss Counts II and III for lack of subject-matter jurisdiction. That motion was denied.
On June 25, 1999, Appellants filed a Motion for Rehearing and Amended Motion to Dismiss. Appellee voluntarily dismissed the breach of contract action in Count II. The case went to jury trial on Counts I and III. The jury found Appellants to be 75 percent negligent and awarded damages. Judgment was entered for Appellee on December 20, 1999. This appeal followed.

III. DISCUSSION
We begin with an examination of the language in the NFIA which provides in pertinent part:
Upon the disallowance ... of any ... claim, the claimant ... may institute an action against the Director [of FEMA] on such claims in the United States District Court ..., and original, exclusive jurisdiction is hereby conferred upon *619 such court to hear and determine such action ...
42 U.S.C. section 4072 (emphasis added).[4]
Appellants argue that based on this provision of federal law the lower court lacked subject-matter jurisdiction over Appellee's action. Appellee argues that section 4072's limited jurisdiction only applies to claims against FEMA and that it does not preclude state court actions under the NFIP against WYO carriers for negligence.
The plain language of the NFIA above makes clear Congress' intent for federal courts to have original, exclusive jurisdiction over claims related to the provision of flood insurance under the NFIA. Appellee argues that where the WYO insurer is the named defendant, the NFIA does not preclude state law negligence claims based on an insurer's claim-handling from being considered by state courts. This argument ignores the statutory language and the special nature of the NFIP which was specifically created to make flood insurance more available and more economically feasible for homeowners and to provide alternative causes of action where defendants have assumed duties and responsibilities arising out of proving flood insurance under the NFIA.[5]
FEMA published a "final rule," effective December 31, 2000, which provides that, "... matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal Law." 65 Fed.Reg. 34824-01, at 34827 (May 31, 2000); final rule adopted, 65 Fed.Reg. XXXXXX-XX (Oct. 12, 2000).
The Eleventh Circuit Court of Appeals addressed federal jurisdiction over claims under NFIA policies in Hairston v. Travelers Casualty & Surety Co., 232 F.3d 1348 (11th Cir.2000), although the court was not concerned with the specific issue at bar.[6] Nevertheless, the court's footnote reference and discussion on actions cognizable under state law is informative. Citing American Dredging Co. v. Miller, 510 U.S. 443, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994)("savings to suitor" clause language in admiralty laws permitted actions in state court that would be cognizable under state law), for its discussion of the language in admiralty statutes that confers concurrent jurisdiction in admiralty actions, the Hairston court noted that the NFIA does not contain a comparable "savings to suitors" clause. Hairston, F.3d at 151. The "savings to suitors" clause in 28 U.S.C. section 1331(1)(1993) provides:
The district courts shall have original jurisdiction, exclusive of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
Hairston also stated that the 1983 amendment, which added the "original" and "exclusive" language to section 4072, was designed to resolve the split in cases that had developed between courts holding that the federal jurisdiction was exclusive and those holding it was concurrent. Id. at 1352. We find the "savings to suitors" analysis in Hairston to be pertinent. Appellee relies on the lack of language in the NFIA concerning such state-law based *620 claims as support for finding that the lower court had subject-matter jurisdiction to adjudicate Appellee's state-law based claims under the NFIP policies. However, the plain language of the NFIA evidences a clear rebuttal of state court jurisdiction. We conclude that the "original exclusive jurisdiction" language of the statute negates any presumption of concurrent jurisdiction. See Id. at 1351.
Appellee also relies on Cohen v. State Farm Fire & Casualty, 68 F.Supp.2d 1151 (C.D.Cal.1999), and its progeny,[7] for the proposition that Congress contemplated that state law could apply to the conduct of WYO insurers. The trial judge who wrote Cohen has specifically receded from his opinion and has more recently ruled that state law-based insurance claims are preempted. See Scherz v. South Carolina Insurance. Co., 112 F.Supp.2d 1000 (C.D.Cal.2000). Thus, the Scherz decision casts a cloud on the authority of these cases relied on by Appellee.
Appellee further relies on Newton v. Capital Assurance Co., 209 F.3d 1302 (11th Cir.2000). However, subsequent to the parties briefing the issues in this case, the Eleventh Circuit, on rehearing, vacated the opinion published at 209 F.3d 1302 and issued an opinion in its stead. See Newton v. Capital Assurance Co. Inc., 245 F.3d 1306 (11th Cir.2001). The jurisdictional question in Newton was whether the federal district court violated sovereign immunity principles by awarding prejudgment interest against a WYO company empowered to issue flood insurance by FEMA. In reaching the decision on rehearing that such an award violated sovereign immunity principles, Newton relied on the general federal question jurisdiction provision, 28 U.S.C. section 1331; it never reached the specific jurisdictional question whether section 4072 provides an additional basis for federal court jurisdiction against a WYO carrier as the "functional equivalent" to FEMA. Id. at 1309. The Eleventh Circuit concluded that section 4072 does not abrogate section 1331 jurisdiction. Id. (citing Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program, 129 F.3d 581, 586-87 (11th Cir.1997)(implicitly recognizing federal subject-matter jurisdiction over a suit against a WYO company after the implementation of section 4072)). Further, in Newton, the question of subject-matter jurisdiction of the state courts was not an issue.
Appellants rely on Van Holt v. Liberty Mutual Insurance Co., 163 F.3d 161 (3d Cir.1998), for the proposition that a suit against a WYO Program carrier is a suit against FEMA and, therefore, the trial court is without jurisdiction. The Van Holt court reasoned that because FEMA bears the ultimate risk and financial responsibility on contract claims regardless of whether FEMA or a WYO carrier is a named defendant, it would be illogical to have original, exclusive jurisdiction in federal courts over suits against FEMA, but not in suits where a WYO is named as the nominal defendant. Van Holt, 163 F.3d at 167. A similar holding is found in Masoner v. First Community Insurance Co., 81 F.Supp.2d 1052 (D.Idaho 2000), where the court followed Van Holt and held that a lawsuit against a WYO company is, in reality, a suit against FEMA. The Masoner court further concluded that despite the inclusion of tort causes of action in the WYO insurer's complaint, all of the claims asserted fell within the exclusive jurisdiction of the federal court. Id. at pp. 1056-1057.
*621 Recently, in Jamal v. Travelers Lloyds of Texas Insurance Co., 97 F.Supp.2d 800 (S.D.Tex.2000), an insured homeowner sued the WYO insurer alleging breach of contract, bad faith, and violations of the Texas Insurance Code. Id. at 802. In Jamal, the plaintiff sought to remand the case to state court arguing "the NFIA does not preempt state law claims and any interpretation of the NFIA is, at best, tangential to the outcome of this case." Id. The district court rejected this argument, holding that "pursuant to statute, federal courts have exclusive jurisdiction over disputes arising under [standard flood insurance policies], and, thus, jurisdiction is lacking in state court.... Hence, remand is not warranted." Id. at 806. See also Gibson v. American Bankers Insurance Co., 91 F.Supp.2d 1037, 1044 (E.D.Ky.2000) (reasoning that because "the text of the NFIA `affirmatively divests' jurisdiction of NFIP claims from the state to the federal courts," the initial filing of the action in state court did not protect plaintiffs from the running of the statute of limitations).
More recently, Jamal, Masoner and Van Holt were relied on by a California appellate court in McCormick v. Travelers Insurance Co., 86 Cal.App.4th 404, 103 Cal.Rptr.2d 258 (2001) (review filed March 5, 2001), which is factually very similar to the instant appeal. In McCormick, the California trial court entered a judgment on the pleadings in favor of Travelers concluding that, under the NFIA, it did not have any jurisdiction over the McCormicks' state-law claims for breach of insurance contract, breach of covenant of good faith and fair dealing, fraud, and negligent misrepresentation against Travelers for wrongfully denying them insurance coverage under the policy. In their pleadings, the McCormicks alleged that prior to their home being flooded: they purchased flood insurance from Travelers; they relied on representations by Travelers that they would be covered by the policy; they were induced to pay premiums; and they did all that was required under the policy. Nevertheless, Travelers denied their claim. Travelers filed its motion for judgment on the pleadings arguing that, pursuant to the provisions of the NFIA, the federal courts have original, exclusive jurisdiction over disputes arising out of the disallowance of flood insurance. Relying on Jamal, Masoner and Van Holt, the California appellate court in a well-reasoned opinion affirmed the trial court. McCormick concluded that there is no reason to limit original, exclusive federal jurisdiction based on a distinction between whether the asserted claims are based strictly in contract, or whether they included state tort and statutory claims arising from the duties imposed on WYO insurers by the NFIA. Id. at 266.
McCormick declined to follow Moore v. Allstate Ins. Co., 995 P.2d 231 (Alaska 2000), in which the Alaska Supreme Court reasoned that a WYO is subject to Alaska state court jurisdiction for claims of misrepresentation and fraud in misrepresenting the scope of flood insurance procured under the NFIP. In Moore, the plaintiffs sued their insurer in state court on a variety of claims, including misrepresentation and fraud, alleging that they had been promised more coverage than what was provided under the NFIP. The lower court entered summary judgment against the plaintiffs holding that federal courts have exclusive jurisdiction over NFIA claims. The Alaska Supreme Court reversed the lower court concluding that the provision of NFIA granting "original exclusive jurisdiction" to the federal courts to hear claims arising out of NFIP flood insurance policies did not extend to tort claims against an insurer and its agent. Id. at 238. The Moore Court found that the *622 applicability of section 4072's exclusive jurisdiction to WYO insurers was limited to claims attempting to interpret or enforce policy terms and did not apply to claims in tort against WYO insurers for fraud or misrepresentation. Id. at 239. In its analysis, the Moore Court, citing the limits of liability provisions set forth in 44 C.F.R. Part 62, Appendix A, noted that the regulations do not cover the negligence of insurers or their agents. Id. at 237. In declining to follow Moore, the McCormick court stated in pertinent part:
We see no basis for turning the jurisdictional question on a distinction between errors allegedly committed while explaining the scope of coverage to a new policyholder and the errors allegedly committed in interpreting the amount of insurance proceeds to which the policyholder is entitled following a loss. The breadth of activities WYO insurers pursue in furtherance of the NFIP encompasses procuring policies, servicing the accounts, and processing claims. At all of these stages of the insured/insurer relationship, the workings of the NFIP are intimately involved. Moreover, treating some claims as exclusively within the jurisdiction of the federal courts and some within the concurrent subject-matter jurisdiction of the state courts invites the very Balkanization of lawsuits FEMA forecasts with justifiable dread in its amicus brief.
* * *
Therefore, were we to follow Moore, we would necessarily put our imprimatur on the McCormicks' strategy of allowing them to litigate in a federal forum their coverage dispute (which a state court unquestionably does not have jurisdiction to decide), while allowing their misrepresentation and related state claims to repose in state court awaiting the outcome of the federal action. Surely, this orphaning of the "child of Congress" to 50 state court jurisdictions was not the intention of Congress in establishing "a pervasive and comprehensive scheme of federal regulations setting forth the rights and responsibilities of insureds and insurers under the NFIP."
Id. at 268 (citations omitted). We agree with the McCormick court's reasoning and decline to follow Moore.
Although we need not address the legislative history of the NFIA in light of the clear statutory directive and our conclusion that the plain language of the statute evidences a clear rebuttal of state court jurisdiction, our review of the legislative history strengthens our conclusion. In the accompanying legislative history, Congress made clear that the adoption of the language was purposeful:
In the case where the claimant refuses to accept the amount allowed or the claim, the claimant may institute an action on the claim against the company or other insurer within one year after the mailing of the notice of disallowment or partial disallowment in the U.S. district court for the district in which the insured property is situated. Jurisdiction is conferred on the U.S. district court to hear and determine the action regardless of the amount in controversy. This section is amended to specify that the U.S. district court has original exclusive jurisdiction over this action.

See H. Rep. No. 98-551, at 43 (1983), reprinted in 1983 U.S.C.C.A.N. 1768, 1814 (emphasis added). The inclusion of the explicit language restricting jurisdiction to the district court, without any qualifying statements, demonstrates Congress' intent to restrict jurisdiction.

IV. CONCLUSION
We conclude that the federal courts have original, exclusive jurisdiction over all of *623 the claims asserted in Deville's amended complaint. This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer. In reaching our conclusion, we rely on the plain language of the NFIA, the legislative history of the NFIA, the special nature of the NFIP, the McCormick court's reasoning and the federal cases which have squarely decided this issue.
Accordingly, the final judgment is VACATED and this cause is REMANDED with directions to enter a final order of dismissal for lack of subject-matter jurisdiction.
ERVIN and WEBSTER, JJ., concur.
NOTES
[1] See 42 U.S.C. § 4001 et seq. (1994). The National Flood Insurance Act created a program for subsidized flood insurance and affordable flood insurance rates.
[2] The WYO Program was created by 42 U.S.C. § 4071(a)(1)(1994) whereby participating private insurance companies provide marketing and claims adjustment of standard flood insurance policies. WYO carriers collect premiums which, after deduction of fees and costs, are then deposited in the National Flood Insurance Fund operated by the U.S. Treasury.
[3] Appellants are not barred from raising the issue of jurisdiction in this appeal. Appellee's motion to remand was based, in part, on the Appellants' failure to meet the procedural requirements of removal. Appellee alleges that subsequent to the filing of the motion, the parties stipulated to remand. The district court's order on remand did not address or decide the federal jurisdictional issue that has been raised by the Appellants.
[4] Congress amended 42 U.S.C. § 4072 in 1983 by adding the words "original exclusive" to precede the word "jurisdiction."
[5] See 42 U.S.C. §§ 4001(a), 4072 (1994).
[6] The issue before the court was whether there was any concurrent state and federal court jurisdiction for determining whether filing suit in state court tolled the statute of limitations.
[7] Davis v. Travelers Prop. and Cas. Co., 96 F.Supp.2d 995 (N.D.Cal.2000); Stanton v. State Farm Fire and Cas. Co., Inc., 78 F.Supp.2d 1029 (D.S.D.1999).